No. 23-55458

Iɴ Tʜᴇ

# United States Court of Appeals for the Ninth Circuit

---

**Mᴏɴɪᴄᴀ Bᴇᴇ,**
*Plaintiff-Appellant,*

v.

**Wᴀʟᴍᴀʀᴛ, Iɴᴄ., ᴇᴛ ᴀʟ.,**
*Defendants-Appellees.*

---

**On Appeal from the United States District Court
for the Central District of California**
Case No. 2:21-cv-08919
Hon. Fred W. Slaughter, Judge of the District Court

---

## SUPPLEMENTAL EXCERPTS OF RECORD OF APPELLEE WALMART, INC.

---

Dwyer Arce
Kᴜᴛᴀᴋ Rᴏᴄᴋ LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102
(402) 346-6000
Dwyer.Arce@KutakRock.com

Andrew O. Smith
Pᴇᴛᴛɪᴛ Kᴏʜɴ Iɴɢʀᴀssɪᴀ Lᴜᴛᴢ & Dᴏʟɪɴ
5901 W. Century Blvd., Suite 1100
Los Angeles, California 90045
(310) 649-5772
aosmith@pettitkohn.com

*Counsel for Appellee Walmart, Inc.*

4882-3362-0114

Appellee Walmart, Inc., provides this supplemental excerpts of record under Circuit Rule 30-1.2(b):

1.    Walmart's Reply in Support of its Motion for Summary Judgment (ECF No. 37): Supp-ER-6.

2.    Walmart's Ex Parte Motion for the Court to Disregard Plaintiff's Untimely Opposition (ECF No. 42): Supp-ER-31.

3.    Order Granting in Part and Denying in Part Defendant's Ex Parte Application (ECF No. 43): Supp-ER-39.

4.    Plaintiff's Motion for Reconsideration (ECF No. 81): Supp-ER-43.

5.    Order Denying Motion for Reconsideration (ECF No. 89): Supp-ER-118.

4882-3362-0114

Dated this 29th day of November, 2023.

Respectfully submitted,

By */s/ Dwyer Arce*

Dwyer Arce
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102
(402) 346-6000
Dwyer.Arce@KutakRock.com

Andrew O. Smith
PETTIT KOHN INGRASSIA LUTZ & DOLIN
5901 W. Century Blvd., Suite 1100
Los Angeles, California 90045
(310) 649-5772
aosmith@pettitkohn.com

*Counsel for Appellee Walmart, Inc.*

4882-3362-0114

**[PAGE INTENTIONALLY LEFT BLANK]**

**[PAGE INTENTIONALLY LEFT BLANK]**

Andrew O. Smith, Esq., SBN 217538
Michael F. Colbert, Esq., SBN 319539
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: aosmith@pettitkohn.com
        mcolbert@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA BEE, an individual. | **CASE NO: 2:21-cv-08919 FWS(MARx)** |
| Plaintiff, | **DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |
| v. | |
| WALMART INC., a Delaware Corporation; AARON, an individual; and DOES 1-25, inclusive, | |
| Defendants. | Courtroom:      10D<br>District Judge:   Hon. Fred W. Slaughter<br>Magistrate Judge: Hon. Margo A. Rocconi<br>Complaint Filed: June 23, 2021<br>Trial Date:       May 2, 2023 |

Defendant WALMART INC. ("Defendant") hereby submits the following reply to in support of Defendant's motion for summary judgment or in the Alternative, Summary Adjudication.

## I.

## INTRODUCTION

Walmart filed the instant motion for summary judgement ("MSJ") pursuant to Fed. R. Civ. P. 56 on December 22, 2022. (Declaration of Michael F. Colbert ("Colbert Dec.") ¶2). The hearing date for Defendants MSJ is February 2, 2022. (Colbert Dec. ¶3). Pursuant to Judge Fred W. Slaughter's Civil Standing Order, any

2354-9445

1   opposition to a motion for summary judgement "[m]ust be filed twenty-eight (28)

2   days before the noticed hearing date." (*See* Civil Standing Order pg. 8 lines 8-9).

3   No opposition was filed by Plaintiff on January 5, 2023. As of the filing of this

4   Reply Brief no opposition has been filed by Plaintiff. (Colbert Dec. ¶5).

5       Walmart hereby submits its Reply "twenty-one (21) days before the noticed

6   hearing date" in accordance with this Courts Civil Standing Order. (*See* Civil

7   Standing Order pg. 8 lines 10-11). As Plaintiff has not opposed Walmart's MSJ,

8   Walmart respectfully requests the Court find that no genuine issue of material fact

9   exists and that Walmart is entitled to judgement as a matter of law.

10                      **II.**

11                 **<u>ARGUMENT</u>**

12    **a. Failure to Oppose Summary Judgement Creates an Inference that there**

13        **is no Genuine Issue of Material Fact**

14       Failure to file an opposition to a summary judgment motion is not an

15   independent ground upon which to grant the motion. The Ninth Circuit has made

16   clear that "a nonmoving party's failure to [file an opposition] does not excuse the

17   moving party's affirmative duty under Rule 56 to demonstrate its entitlement to

18   judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir.

19   2003). However, the Court may grant an unopposed motion for summary judgment

20   if the movant's papers support the motion and do not on their face reveal a genuine

21   issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir.

22   1993).

23       Local Rule 56-2 provides, "[a]ny party who opposes the motion [for

24   summary judgement] shall serve and file with the opposing papers a separate

25   document containing a concise 'Statement of Genuine Disputes' setting forth all

26   material facts as to which it is contended there exists a genuine dispute necessary to

27   be litigated."

28   ///

2354-9445

1   Local Rule 56-3 provides:
2   "In determining any motion for summary judgment or partial summary
    judgment, the Court may assume that the material facts as claimed and
3   adequately supported by the moving party are admitted to exist
    without controversy except to the extent that such material facts are (a)
4   included in the 'Statement of Genuine Disputes' and (b) controverted
5   by declaration or other written evidence filed in opposition to the
    motion."
6

7    "Where, as here, a party fails to file opposing papers or evidence, the Court

8    'may assume that the material facts as claimed and adequately supported by the

9    moving party are admitted to exist without controversy.'" *Pleasant v. AutoZone,*

10   *Inc.*, No. 12-7293, 2013 U.S. Dist. LEXIS 86360, 2013 WL 3121360, at *3 (C.D.

11   Cal. June 19, 2013) (citing L.R. 56-3).

12       "If a party . . . fails to properly address another party's assertion of fact as

13   required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for the

14   purposes of the motion; (3) grant summary judgment if the motion and supporting

15   materials - including the facts considered undisputed - show that the movant is

16   entitled to it. . . .". Fed. R. Civ. P. 56(e). Therefore, "without an opposition or

17   evidence from Plaintiff, the Court applies standards consistent with Federal Rule of

18   Civil Procedure 56 and determines whether Defendants' evidence demonstrates that

19   there is no genuine issue of material fact and that Defendants are entitled to

20   judgment as a matter of law." *Pleasant v. AutoZone, Inc*., 2013 U.S. Dist. LEXIS

21   86360, *8

22       Pursuant to this Courts Civil Standing Order, Plaintiff's opposition was

23   required to be filed twenty-eight (28) days before the hearing date. (*See* Civil

24   Standing Order pg. 8 lines 8-9). However, Plaintiff has not filed an opposition to

25   Walmart's Motion for Summary Judgment. (Colbert Dec. ¶4). In following with the

26   statutory requirements and case law cited above Defendant respectfully requests the

27   Court to consider Defendants statement of facts undisputed and grant summary

28   judgement.

**b. Summary Judgment is Appropriate as the Sequence of Events which occurred at the Subject Store are Undisputed and Defendants Inspection 5 Minutes Prior to the Incident was Reasonable as a Matter of Law.**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to survive summary judgment, Plaintiff must establish a triable issue of material fact via competent evidence as to whether Defendant "had actual or constructive knowledge of the dangerous condition." (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205-06.) In the present case, the material facts are undisputed and Plaintiff has not presented evidence establishing notice to Walmart of the alleged dangerous condition.

Video footage confirms that the area of the incident was inspected by Walmart associate Giselle Ornelas only five (5) minutes prior to Plaintiff's fall. There was no spill present at the time of Ms. Ornelas's inspection. (UMF 4-7). The inspection by Ms. Ornelas was part of her normal custom and practice of visually inspecting floors for potentially dangerous conditions for which she had received training. (UMFs 15-16).

Multiple customers walked through the subject area between Ms. Ornelas' last inspection and Plaintiff's fall. Any of these customers could have been a potential source of the spill. (UMF 10). No Walmart associates walked through the area in the five (5) minutes between Ms. Ornelas's inspection and the subject incident. (UMF 11). Plaintiff has no evidence of when the spill was created. (UMF 14). Further, Plaintiff has no evidence to refute the video documented inspection. As such, Plaintiff cannot simply infer that the substance Plaintiff slipped on existed for an unreasonable amount of time.

The Courts recognize that the standard for a retail proprietor is the use of reasonable care, not the "utmost care", and recognize that if a spill is not present for a long period of time then constructive notice cannot be imputed to the retailer. (See

4

1  *Oldenburg*, 152 Cal.App.2d at 745; *Girvetz,* 91 Cal.App.2d at 831-832.) Five (5)

2  minutes is not a sufficient period of time to impart constructive notice upon

3  Walmart. (*See, e.g., Alacan v. Target Corp.*, No. CV 14-04564-AB (VBKx), 2015

4  U.S. Dist. LEXIS 178484, 2015 WL 10945603, at *3 (C.D. Cal. June 26,

5  2015)) (granting Target's summary judgment motion where Target employee had

6  inspected area seven minutes before accident, as "nothing less than thirty minutes

7  between the last inspection and the plaintiff's fall has been held to raise a genuine

8  dispute of material fact or sufficient to [*9] uphold a plaintiff's verdict."); (*See*

9  *Cardoza v. Target Corp.* No. 18-55877 (9th Cir. 2019)) *(holding* that an inspection

10  of the relevant area ten minutes before the slip and fall establishes the lack of

11  constructive notice, and therefore the lack of liability); *Magdaleno v. Castro*

12  *Wholesale Corp.,* 2019 U.S. Dist. LEXIS 166035, at *6 (C.D. Cal. July 29, 2019,

13  No. 2:18-cv-08390-RGK-AS); (*See Eidem v. Target Corp*., 2011 U.S. Dist. LEXIS

14  95544, *25-26, 2011 WL3756144.) (Finding that "Defendant's practice of

15  inspecting its floors every 15 minutes does not breach its duty of care towards

16  patrons.")

17       In the present case, there is no evidence to show that Walmart could have or

18  should have known about any dangerous condition on the floor just prior to

19  Plaintiff's fall. (UMFs 1-16). Walmart's inspection 5 minutes prior to the incident

20  establishes a lack of constructive notice as a matter of law and thus, a lack of

21  liability. Accordingly, summary judgement is appropriate.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## III.

## <u>CONCLUSION</u>

Walmart respectfully requests the Court find that no issue of material fact exists and that summary judgement is appropriate as Plaintiff has not met her burden to establish that Walmart either created the alleged condition or had actual or constructive knowledge of the condition prior to the incident.


**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**


Dated:  January 12, 2023              By:  s/ Michael F. Colbert
                                           Andrew O. Smith, Esq.
                                           Michael F. Colbert, Esq.
                                           Attorneys for Defendant
                                           **WALMART INC.**
                                           aosmith@pettitkohn.com
                                           mcolbert@pettitkohn.com

2354-9445

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the following document(s):

**DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

**DECLARATION OF MICHAEL F. COLBERT IN SUPPORT OF WALMARTS REPLY SUPPORTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

was/were served on this date to counsel of record:

[]    **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[X]   **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]   **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Igor Fradkin, Esq.
DOWNTON L.A. LAW GROUP
601 N. Vermont Ave.
Los Angeles, CA 90004
Tel:   (213) 389-3765
Fax:   (877) 389-2775
Email:   Igor@downtownlalaw.com;
Esanchez@downtownlalaw.com
Jacob@downtownlalaw.com;
**Attorneys for Plaintiff
MONICA BEE**

Executed on **January 12, 2023,** at Los Angeles, California.

_Kaitlyn Laurio_
Kaitlyn Laurio

2354-9445

7
WALMART INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MSJ/MSA
CASE NO. 2:21-CV-08919 **FWS** (MARX)

1   Andrew O. Smith, Esq., SBN 217538
    Michael F. Colbert, Esq., SBN 319539
2   **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
    5901 W. Century Blvd., Suite 1100
3   Los Angeles, CA 90045
    Telephone: (310) 649-5772
4   Facsimile: (310) 649-5777
    E-mail: aosmith@pettitkohn.com
5           mcolbert@pettitkohn.com

6   Attorneys for Defendant
    **WALMART INC.**
7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MONICA BEE, an individual.           **CASE NO: 2:21-cv-08919 FWS(MARx)**

12                    Plaintiff,         **DECLARATION OF MICHAEL F.
                                         COLBERT IN SUPPORT OF**
13  v.                                   **WALMARTS REPLY SUPPORTING
                                         DEFENDANT'S MOTION FOR**
14  WALMART INC., a Delaware             **SUMMARY JUDGMENT, OR IN
    Corporation; AARON, an individual;   THE ALTERNATIVE, SUMMARY**
15  and DOES 1-25, inclusive,            **ADJUDICATION**

16                    Defendants.        **Date:  February 2, 2023
                                         Time: 10:00 a.m.**
17
                                         Courtroom:      10D
18                                       District Judge:    Hon. Fred W.
                                         Slaughter
19                                       Magistrate Judge: Hon. Margo A.
                                         Rocconi
20                                       Complaint Filed: June 23, 2021
                                         Trial Date:      May 2, 2023
21

22          I, Michael F. Colbert, declare as follows:

23          1.      I am an attorney duly licensed to practice law before all of the courts

24  of the State of California, and am an associate with the law firm of Pettit Kohn

25  Ingrassia Lutz & Dolin PC, attorneys of record for Defendant WALMART INC.

26  ("Defendant") in the above-captioned case.  I am familiar with the facts and

27  proceedings of this case and if called as a witness, I could and would competently

28  testify to the following facts of my own personal knowledge.

                                         1

2.     Walmart filed and served the instant motion for summary judgement ("MSJ") pursuant to Fed. R. Civ. P. 56 on December 22, 2022.

3.     The hearing date for Defendants MSJ is February 2, 2022.

4.     Pursuant to Judge Fred W. Slaughter's Civil Standing Order any opposition to a motion for summary judgement, "[m]ust be filed twenty-eight (28) days before the noticed hearing date." (*See* Civil Standing Order pg. 8 lines 8-9). Attached hereto as **Exhibit 1** is a true and correct copy of Judge Fred W. Slaughter's Civil Standing Order.

5.     No opposition was filed by Plaintiff on January 5, 2023. As of the filing of this Reply Brief no opposition has been filed by Plaintiff.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of January, 2023, at Los Angeles, California.

s/ Michael F. Colbert _____

2354-9445

2
DECLARATION OF MICHAEL F. COLBERT
CASE NO. 2:21-CV-08919 **FWS** (MARX)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MONICA BEE | Case No. 2:21−cv−08919−FWS−MAR |
|---|---|
| Plaintiff(s), | |
| v. | **CIVIL STANDING ORDER** |
| WALMART INC., et al. | |
| Defendant(s). | |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS**

**CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to Judge Fred W. Slaughter. Both the court and all counsel bear responsibility for the progress of litigation in this court. "Counsel," as used in this Order, includes parties appearing *pro se*.[1] To secure the just, speedy

––––––––––––––––––––

[1]   This Court does not exempt parties appearing *pro se* from compliance with the Federal Rules of Civil Procedure or the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

1

Exhibit A

3

and inexpensive determination of every action, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. *See* Fed. R. Civ. P. 1.

**UNLESS THE COURT ORDERS OTHERWISE, THE FOLLOWING RULES APPLY.**

**I.   Service of the Complaint**

Plaintiff shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and shall comply with Local Rule 5-3 with respect to all proofs of service.

**II.   Removed Actions**

Any Answers filed in state court must be refiled in this court as a supplement to the Notice of Removal. Any pending motions must be re-noticed in accordance with Local Rule 7. If an action removed to this court contains a form pleading, e.g., a pleading in which boxes are checked, the party or parties that filed the form pleading must file in this court within thirty (30) days of receipt of the Notice of Removal a revised pleading that complies with Federal Rules of Civil Procedure 7, 7.1, 8, 9, 10 and 11.

**III.   Presence of Lead Counsel**

Lead trial counsel shall attend any proceeding before this court, including all Scheduling, Pretrial, and Settlement Conferences. In an effort to provide more experience to the next generation of practitioners, the court encourages lead counsel to permit junior counsel to fully participate in court proceedings, including to argue motions and to examine witnesses at trial.

**IV.   Calendar Conflicts**

Counsel shall notify both of the Judges' courtroom deputies at least three (3) days in advance. Counsel should defer to the most senior of the judges. A priority before that Judge should be requested.

///

2

Exhibit A
4

## V.  Scheduling Conference and Rule 26(f) Meeting of Counsel

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the court will issue an Order Setting a Scheduling Conference. Counsel shall meet no later than twenty-one (21) days prior to the court-ordered Scheduling Conference pursuant to Federal Rule of Civil Procedure 26(f) and applicable Local Rules. This meeting may occur telephonically and need not occur in person. A written exchange of correspondence will not satisfy this requirement.

## VI.  Joint Rule 26(f) Report

Unless otherwise ordered, no later than fourteen (14) days before the Scheduling Conference, counsel shall file a Joint Rule 26(f) Report. A Joint Rule 26(f) Report which is not timely filed or does not conform with this Order, Federal Rule of Civil Procedure 26(f), and/or applicable Local Rules will interfere with preparation by the court and its staff and may result in the assessment of sanctions. The Joint Rule 26(f) Report shall address the matters set forth in Federal Rule of Civil Procedure 26(f), as well as those enumerated in the court's Order Setting Scheduling Conference.

## VII.  Discovery

All discovery matters have been referred to a Magistrate Judge, who will hear all discovery disputes. The Magistrate Judge's initials follow the District Judge's initials next to the case number. All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Please do not deliver courtesy copies of discovery documents to Judge Slaughter's chambers.

Counsel must follow the Magistrate Judge's procedures for scheduling matters for hearing. These procedures are stated on each Magistrate Judge's webpage.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's decision shall be final, and this court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous and contrary to law. Any party may file and serve a motion for review and

3

Exhibit A

5

1    reconsideration before this court. *See* Local Rule 72-2. The moving party must
2    file and serve the motion within fourteen (14) days of service of a written ruling
3    or an oral ruling that the Magistrate Judge states will not be followed by a written
4    ruling. The motion must specify which portions of the ruling are clearly erroneous
5    and contrary to law, and the claim must be supported by points and authorities.
6    Counsel shall provide the Magistrate Judge's chambers copies of the moving
7    papers and responses.

8    **VIII.  Motions – General Requirements**

9       **a.  Pre-Filing Requirement**

10      Counsel should take note of Local Rule 7-3, which requires "counsel
11    contemplating the filing of any motion" to "first contact opposing counsel to
12    discuss thoroughly, preferably in person, the substance of the contemplated motion
13    and any potential resolution." Counsel should discuss the issues sufficiently such
14    that if a motion is still necessary, the briefing may be directed to those substantive
15    issues requiring resolution by the court. Counsel should resolve minor procedural
16    or other non-substantive matters during the conference. The notice of motion
17    or other request must include a statement of compliance with Local Rule 7-3.
18    The court may strike or outright deny a motion or other relief if counsel fails to
19    meet and confer in good faith.

20       **b.  Time for Filing and Hearing Motions**

21      Motions shall be filed in accordance with Local Rule 7. This court hears
22    motions on Thursdays, beginning at 10:00 a.m. If Thursday is a court holiday,
23    motions will be heard on the next Thursday. Counsel shall not contact the
24    Courtroom Deputy to clear or reserve a civil motion hearing date, except for
25    motions for summary judgment or preliminary injunction, in which case counsel
26    shall contact the Courtroom Deputy at FWS_Chambers@cacd.uscourts.gov to
27    reserve a hearing date. A list of closed dates is located on Judge Slaughter's
28    webpage.

4

Exhibit A

6

### c. Length and Format of Motion Papers

Pursuant to Local Rule 11-6, Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages absent leave of court. Replies shall not exceed ten (10) pages. Only for good cause shown will the court grant an application to extend these page limitations. Pursuant to Local Rule 11-8, all Memoranda of Points and Authorities exceeding ten (10) pages must be accompanied by a Table of Authorities and a Table of Contents. All briefing must use Times New Roman font. Text must be no less than fourteen (14) point font; footnotes shall be in the same font and the same size as the body of the memorandum.

Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf format so that when a document is electronically filed, it is in proper size and is .pdf searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1.

### d. Citations to Case Law

Citations to case law must identify the case cited and the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page on which such language appears shall be provided. Bluebook style is required.

### e. Citations to Other Sources

Statutory references must identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced. Citations to prior filings in the same action shall include the docket entry number, section, and pages referenced. Bluebook style is required.

///

5

Exhibit A
7

### f. Oral Argument

If the court deems a matter appropriate for decision without oral argument, the court will take the matter under submission and notify the parties before the hearing.

### IX.   Motions – Specific Requirements

#### a. Motions Pursuant to Federal Rule of Civil Procedure 12

Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment. *C.f. Polich v. Burlington Northern, Inc*., 942 F.2d 1467, 1472 (9th Cir. 1991) (noting that where a motion to dismiss is granted, a district court should grant leave to amend unless it is clear the complaint cannot be saved by amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Consequently, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading. The court expects that, in most instances, the parties will agree to any amendment that would cure the defect.

#### b. Motions to Amend

In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) identify the pages, line numbers, and wording of any proposed change or addition of material.

Counsel shall electronically file a "Notice of Lodging" attaching the proposed

1 | amended pleading as a document separate from the motion, as well as a "redlined"
2 | version of the proposed amended pleading identifying all additions and deletions
3 | of material as an appendix to the moving papers.

4 |   **c.   Motions *in Limine***

5 |       Motions *in limine* shall be filed no later than the Final Pretrial Conference and
6 | will be heard prior to the commencement of trial.

7 |   **d.   Motions for Class Certification**

8 |       If this action is a putative class action, the parties are to act diligently and
9 | begin discovery immediately, so that the motion for class certification can be filed
10 | expeditiously. This court requires an extended briefing schedule for motions for
11 | class certification. Parties are advised to refer to the court's Order Setting
12 | Scheduling Conference for additional guidance as to the filing and timing of
13 | motions for class certification.

14 |   **e.   Motions for Summary Judgment**

15 |       No party may file more than one motion pursuant to Federal Rule of Civil
16 | Procedure 56, regardless of whether such motion is denominated a motion for
17 | summary judgment or summary adjudication, without leave of court. The parties
18 | shall not attempt to evade the page limitations for briefs by filing multiple motions.
19 | If a party believes this is one of the rare instances in which good cause exists for
20 | more than one motion for summary judgment or to increase page limits, the party
21 | shall seek leave by noticed motion setting forth a detailed showing of good cause.
22 | Pursuant to Federal Rule of Civil Procedure 56(f), when appropriate, based on
23 | undisputed facts and controlling principles of law, the court may *sua sponte* enter
24 | summary judgment in favor of the non-moving party.

25 |       Also, the court will not entertain cross-motions that seek to adjudicate the
26 | same legal issues. If parties wish to cross-move for summary judgment, their
27 | counsel shall meet and confer to determine which party will move and which will
28 | oppose the one motion for summary judgment.

7

Exhibit A

9

1    Parties need not wait until the motion cutoff date to bring motions for

2  summary judgment or partial summary judgment. The hearing on any such motion

3  shall be set for a date in advance of the Final Pretrial Conference. This court

4  requires an extended briefing schedule for motions for summary judgment, as set

5  forth below:

6    • Motions for Summary Judgment: Must be filed at least forty-two (42)

7      days before the noticed hearing date.

8    • Opposition: Must be filed twenty-eight (28) days before the noticed

9      hearing date.

10    • Reply: Must be filed twenty-one (21) days before the noticed hearing

11      date.

12    The above briefing schedule is the default. The parties may stipulate to a

13  modified schedule that is reasonable for all parties, subject to court approval. Any

14  briefing schedule must provide the court at least twenty-one (21) days between the

15  reply deadline and the hearing date.

16    The parties should prepare papers in a fashion that will assist the court in

17  processing and analyzing the volume of material (e.g., tables of contents, headings,

18  indices, bookmarks in electronic documents, pinpoint citations, etc.). Additionally,

19  parties should submit a courtesy copy of the motion and related papers to Judge

20  Slaughter's chambers copy box, located on the 10th floor of the Ronald Reagan

21  Federal Building and United States Courthouse in Santa Ana. The parties shall

22  comply with Local Rules 56-1 and 56-2, in addition to the court's additional

23  requirements described below.

24    **i.   Statements of Uncontroverted Facts and Genuine Disputes**

25    The separate statement of uncontroverted facts required under Local Rule 56-1

26  shall be prepared in a two-column table, as shown below. The left column sets

27  forth the allegedly undisputed fact. The right column sets forth the evidence that

28  supports the factual statement. The factual statements should be set forth in

8

Exhibit A

10

sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible. The "Conclusions of Law" portion of the statement should be inserted after the statement of uncontroverted facts.

**Plaintiff's Claim for Breach of Contract Is Barred by the Applicable Statute of Limitations.**

| Undisputed Fact | Evidence |
|---|---|
| 1.  Mike and Jane signed a contract for the sale and purchase of property. | Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. |
| 2.  Jane mailed the contract in May 2017. | Smith Decl. ¶ 8, Ex. 21. |

The opposing party's statement of genuine issues must also be in a two-column table and exactly track the movant's separate statement. The left column must restate the allegedly undisputed fact and its supporting evidence. The right column must (i) state that the fact is undisputed or disputed, (ii) briefly state why the opposing party disputes the fact, (iii) cite with specificity the evidence that refutes the fact, and (iv) explain how the cited evidence refutes the fact.

**Plaintiff's Claim for Breach of Contract Is Barred by the Applicable Statute of Limitations.**

| Undisputed Fact and Evidence | Disputed/Undisputed Fact and Evidence |
|---|---|
| 1.  Mike and Jane signed a contract for the sale and purchase of property. Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. | Disputed. Jane testified that the contract was for a lease, not a purchase. Jane Depo (Smith Decl. Ex. 4) 29:4-16. |
| 2.  Jane mailed the contract in May 2017. Smith Decl. ¶ 8, Ex. 21. | Disputed as to date. Jane testified she mailed the contract in June 2017. Jane Depo. at 3:4-10. |

Do not include legal argument in this document. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, the document must clearly indicate what part is being disputed. The court will not wade

9

Exhibit A

11

1  through a document to determine whether a fact really is in dispute.

2      The opposing party may submit additional material facts that bear on the

3  issues raised by the movant. The additional facts shall follow the format of the

4  moving party's separate statement and shall continue in sequentially numbered

5  paragraphs.

6          **ii.   Supporting Evidence**

7      No party shall submit evidence other than the specific items of evidence or

8  testimony necessary to support or controvert a proposed statement of undisputed

9  fact. For example, entire deposition transcripts, entire sets of interrogatory

10  responses, and documents that do not specifically support or controvert material

11  in the separate statement shall not be submitted in support of or in opposition to

12  a motion for summary judgment.

13      Evidence submitted in support of or in opposition to a motion for summary

14  judgment should be submitted either by way of stipulation or as exhibits to

15  declarations sufficient to authenticate the proffered evidence and should not be

16  attached to the memorandum of points and authorities. Documentary evidence

17  for which there is no stipulation regarding foundation must be accompanied by

18  the testimony, either by declaration or properly authenticated deposition transcript,

19  of a witness who can establish authenticity.

20          **iii.   Objections to Evidence**

21      If a party disputes a fact based in whole or in part on an evidentiary objection,

22  the ground for the objection should be stated succinctly in a separate statement of

23  evidentiary objections in a two column format. The left column should identify the

24  items objected to (including page and line number if applicable) and the right

25  column should set forth a concise objection (e.g., hearsay, lack of foundation, etc.)

26  with a citation to the Federal Rules of Evidence or, where applicable, a case

27  citation. A proposed order shall be filed and attached to the evidentiary objections

28  as a separate document in Word-processing format consistent with Local Rule

10

Exhibit A

12

1  52-4.1 and emailed directly to the court's chambers email address at

2  FWS_Chambers@cacd.uscourts.gov.

3      **f.   Motions for Attorneys' Fees**

4      Motions for attorneys' fees shall be electronically filed and set for hearing

5  according to Local Rule 6-1 and this Order. Any motion or request for attorneys'

6  fees shall attach two summaries, in table form, of the hours worked by and billing

7  rate of each attorney with title (e.g., partner, counsel, associate, etc.).

8      The first table shall include a summary of the hours worked by each attorney,

9  organized by task (e.g., discovery, motion to dismiss, motion for summary

10  judgment). The second table shall include a summary of the hours worked by each

11  attorney, organized by attorney. Both tables shall list all the tasks on which the

12  attorney worked, the hours worked on each task, and the hourly rate of each

13  attorney. If the hourly rate charged by any individual attorney changed while the

14  action was ongoing, the party shall provide separate calculations for the total

15  number of hours the attorney spent in connection with each task at each hourly

16  rate.

17      All tables shall be attached to the motion and electronically filed. The courtesy

18  copies of the tables shall be prepared in Excel, have all restrictions removed so the

19  spreadsheets can be edited, and be emailed to the court's chambers email address

20  at FWS_Chambers@cacd.uscourts.gov.

21      **g.   Under Seal Filings**

22      Local Rule 79-5 governs applications to file documents under seal. Local Rule

23  79-5.2.2 explains how to apply to file under seal and how to proceed if leave is

24  granted. Parties must comply with all provisions of Local Rule 79-5.

25      There is a strong presumption of public access in civil actions. *Foltz v. State*

26  *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each

27  document or other type of information a party seeks to file under seal, the party

28  must identify and discuss the factual and/or legal justification that establishes

Exhibit A
13

1  "good cause" or "compelling reasons" for the information to be protected.

2  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).

3      Documents that are not confidential or privileged in their entirety should not

4  be filed under seal if the confidential portions can be redacted and filed separately

5  with a reasonable amount of effort. The parties should file a complete version of

6  the documents under seal and a redacted version for public viewing, omitting only

7  the portions that the Court has authorized to be filed under seal.

8      Sealing must be justified for each individual item–blanket claims of

9  confidentiality will result in the application to seal being denied. Counsel are

10  strongly encouraged to consider carefully whether sealing or redaction is absolutely

11  required for a given piece of evidence or argument. An application to seal that

12  includes meritless requests to seal or redact documents will be denied. The parties

13  also must meet and confer before filing an application to seal.

14  **X.   Proposed Orders**

15      Each party filing or opposing a motion or seeking the determination of any

16  matter shall serve and electronically lodge a proposed order setting forth the relief

17  or action sought and a brief statement of the rationale for the decision with

18  appropriate citations. In addition, a copy of the proposed order in Word-processing

19  format shall be emailed directly to the court's chambers email address at

20  FWS_Chambers@cacd.uscourts.gov on the day the document is electronically

21  filed.

22  **XI.   Chambers Courtesy Copies**

23      Mandatory chambers copies of the following e-filed documents shall be

24  delivered to Judge Slaughter's chambers copy box on the 10th Floor of the Ronald

25  Reagan Federal Building and United States Courthouse in Santa Ana or sent via

26  overnight mail: all motions and related documents (oppositions, replies, exhibits);

27  *ex parte* applications (excluding *pro hac vice* applications) and related documents

28  (oppositions and exhibits); and all pretrial documents.

1   Mandatory chambers copies must be delivered by noon following the date of

2   filing as required by Local Rule 5-4.5.

3   Mandatory chambers copies of sealed documents shall be delivered to the

4   Clerk's Office Intake window, to be placed in the court's internal mail box. If the

5   mandatory chambers copy of a document is an inch or more thick, the filing party

6   should place the court's copy in a three-ring binder (no blue backing is required).

7   **XII.   Ex Parte Applications**

8   *Ex parte* applications are solely for extraordinary relief. To justify *ex parte*

9   relief, there must be a showing of irreparable prejudice and that the moving party is

10   without fault, or that the crisis occurred as a result of excusable neglect. *See*

11   *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488,

12   492-93 (C. D. Cal. 1995).

13   The court directs counsel's attention to Local Rule 7-19. The court considers

14   *ex parte* applications on the papers. Accordingly, counsel need not set *ex parte*

15   applications for a hearing date. The other parties' opposition, or notice of non-

16   opposition (which notice may be provided telephonically to the Courtroom

17   Deputy), to an *ex parte* application is due 24 hours after the other parties' receipt

18   of the *ex parte* application.

19   **XIII.   Injunctions and Restraining Orders**

20   Parties seeking preliminary or emergency injunctive relief must comply with

21   Federal Rule of Civil Procedure 65 and Local Rule 65. Applications for a

22   Temporary Restraining Order ("TRO") are also governed by Local Rule 7-19,

23   which applies to *ex parte* applications. Thus, oppositions to Applications for a

24   TRO must be filed within 24 hours following service of the Application. The

25   court will not rule on any Application for a TRO for at least twenty-four hours

26   after the party subject to the requested order has been served, unless notice is

27   excused as per Federal Rule of CivilProcedure 65(b), or unless the interests of

28   justice so require. The parties must provide chambers copies of TRO-related

13

Exhibit A

15

documents on the same day they are filed.

## XIV.  Continuances

Continuances are granted only on a showing of good cause. *See* Fed. R. Civ.
P. 16(b)(4). Requests for continuances must be by motion, stipulation or
application and must be accompanied by a declaration setting forth the reasons for
the requested continuance. The declaration also should include whether there have
been any previous requests for continuances and whether these requests were
granted or denied by the court. Stipulations extending dates set by this court are
not effective unless approved by the court. It is best to contact the Courtroom
Deputy as soon as you know a request for continuance will be made.

The court's determination of whether good cause has been shown focuses
upon evidence of diligence by the party or parties seeking a continuance and on
the potential for prejudice that might result from a denial of the continuance. *See*
Fed. R. Civ. P. 16(b)(4); *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*,
218 F.R.D. 667, 671 (C.D. Cal. 2003).

Counsel are not to assume that any request has been granted until it is
approved by the court. *See* Local Rule 40-1.

## XV.  Communications with Chambers

Counsel must not attempt to contact the court or chambers staff by email,
telephone, or by any other *ex parte* means. Counsel may, for appropriate matters
only, contact the Courtroom Deputy via the Court's chambers email at
FWS_Chambers@cacd.uscourts.gov. Counsel must not contact the Courtroom
Deputy regarding the status of any matter before the court. Calls or emails
regarding the status of submitted motions, stipulations, or proposed orders will
not be returned. Counsel may determine the status of any submitted motion,
stipulation, or proposed order by accessing the docket sheet through PACER,
which can be accessed via the Central District of California's website. Counsel
must include on all papers their email address, telephone number, and fax number

1   to facilitate communication with the Courtroom Deputy.

**XVI.   Guidance for *Pro Se* Litigants**

3   Parties who represent themselves in civil litigation (e.g., appear *pro se*), should

4   be aware that the court holds these parties to the same standards of conduct to

5   which it holds attorneys. The following links may be helpful to those representing

6   themselves in civil matters:

7   • General information on how parties may represent themselves in civil

8   cases in the Central District of California can be found at

9   https://prose.cacd.uscourts.gov/.

10   • Local Civil Rules for the Central District of California can be found at

11   http://www.cacd.uscourts.gov/court-procedures/local-rules

12   • Federal Rules of Civil Procedure can be found at

13   https://www.law.cornell.edu/rules/frcp.

**XII.   Order Setting Scheduling Conference**

15   Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the court will

16   issue an Order setting a Scheduling Conference. The parties must strictly comply

17   with Federal Rules of Civil Procedure 16 and 26, and Local Rule 26. The parties

18   must propose a trial date that is within 18 months of the filing of the complaint.

**XVIII.   Settlement Conference and Alternative Dispute Resolution (ADR)**

20   As stated in Local Rule 16-15, the parties in every case must participate in a

21   Settlement Conference or Alternative Dispute Resolution ("ADR") procedure. The

22   court will not hold a final pretrial conference or convene any trial unless and until

23   all parties, including the principals of all corporate parties, have completed ADR.

24   This court participates in the Court-Directed ADR Program whereby the court

25   refers the parties to the magistrate judge, the Court Mediation Panel, or to private

26   mediation. *See* General Order 11-10, § 5.1. If a Notice to Parties of Court-Directed

27   ADR Program (form ADR-08) has been filed in this case, counsel must furnish and

28   discuss it with their clients in preparation for the Federal Rule of Civil Procedure

15

Exhibit A
17

1  26(f) conference. In their Joint Rule 26(f) Report, counsel should indicate their

2  preferred ADR procedure. The court will refer the case to a procedure at the

3  initial scheduling conference. More information about the court's ADR Program,

4  the Mediation Panel, and mediator profiles is available on the court's website.

5  **XIX.   Notice of This Order**

6      Counsel for Plaintiff shall immediately serve this Order on all parties,

7  including any new parties to the action. If this case came to the court by noticed

8  removal, the Defendant shall serve this Order on all other parties.

9

10

11      IT IS SO ORDERED.

12

13  Dated: May 30, 2022

14  _____
    HONORABLE FRED W. SLAUGHTER
15  UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

16

Exhibit A
18

1  Andrew O. Smith, Esq., SBN 217538
   Michael F. Colbert, Esq., SBN 319539
2  **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
   5901 W. Century Blvd., Suite 1100
3  Los Angeles, CA 90045
   Telephone: (310) 649-5772
4  Facsimile: (310) 649-5777
   E-mail: aosmith@pettitkohn.com
5          mcolbert@pettitkohn.com

6  Attorneys for Defendant
   **WALMART INC.**
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MONICA BEE, an individual.          **CASE NO: 2:21-cv-08919 FWS(MARx)**

12                      Plaintiff,        **DEFENDANT WALMART INC.'S**
                                          **EX PARTE MOTION FOR THE**
13  v.                                    **COURT TO DISREGARD**
                                          **PLAINTIFF'S UNTIMELY**
14  WALMART INC., a Delaware              **OPPOSITION OR,**
    Corporation; AARON, an individual;   **ALTERNATIVLY, FOR AN**
15  and DOES 1-25, inclusive,            **EXTENSION OF TIME TO REPLY**
                                          **TO PLAINTIFF'S LATE-FILED**
16                      Defendants.       **OPPOSITION TO DEFENDANT'S**
                                          **MOTION FOR SUMMARY**
17                                        **JUDGMENT**

18

19                                       Courtroom:        10D
                                         District Judge:   Hon. Fred W.
20                                       Slaughter
                                         Magistrate Judge: Hon. Margo A.
21                                       Rocconi
                                         Complaint Filed: June 23, 2021
22                                       Trial Date:       May 2, 2023

23          Pursuant to Central District of California Local Rule 7-19, Defendant

24  WALMART INC.("Defendant"), hereby files this Ex Parte Motion for the Court to

25  (a) disregard Plaintiff's Untimely Opposition to Defendants Motion for Summary

26  Judgement. Or, (b) if the Court intends on considering Plaintiff's late opposition,

27  Defendant requests an Extension of Time to File an amended Reply to Plaintiff's

28  Late-Filed Opposition to Defendant's Motion for Summary Judgment.

2354-9445

                                         1

Specifically, good cause for this application exists because:

1. Walmart filed its motion for summary judgement ("MSJ") pursuant to Fed. R. Civ. P. 56 on December 22, 2022. (Declaration of Michael F. Colbert ("Colbert Dec.") ¶4). The hearing date for Defendants MSJ is February 2, 2023. (Colbert Dec. ¶5). Pursuant to Judge Fred W. Slaughter's Civil Standing Order, any opposition to a motion for summary judgement "**[m]ust** be filed twenty-eight (28) days before the noticed hearing date." (*See* Civil Standing Order pg. 8 lines 8-9 (emphasis added)). No opposition was filed by Plaintiff on January 5, 2023, 28 days before the noticed hearing date. (Colbert Dec. ¶6).

2. On January 12, 2023, at 3:46 p.m., Walmart submitted its Reply in accordance with this Courts Civil Standing Order which required any reply to be submitted <u>no later</u> than "twenty-one (21) days before the noticed hearing date" (*See* Civil Standing Order pg. 8 lines 10-11). No opposition had been filed by Plaintiff at that time. (Colbert Dec. ¶7).

3. After Defendants Reply was filed, and after close of business, Plaintiff filed her opposition to Defendants MSJ, at 5:36 p.m. (Colbert Dec. ¶8).

If the Court is going to consider Plaintiff's late Opposition to Defendants MSJ, Defendant is respectfully requesting leave of the Court to file an amended Reply Brief as Defendant's last day to file its reply was the day that Plaintiff filed her Opposition.

2354-9445

2

EX PARTE MOTION
CASE NO. 2:21-CV-08919 **FWS** (MARX)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

## INTRODUCTION

WALMART INC. ("Defendant") hereby respectfully moves the Court *ex parte* for an order to: (a) Disregard Plaintiff's late opposition to Defendants Motion for Summary Judgement as it was filed untimely in violation of this Courts Standing Order which ordered that any opposition to a motion for summary judgement "[m]ust be filed twenty-eight (28) days before the noticed hearing date." (*See* Civil Standing Order pg. 8 lines 8-9). Alternatively, if the Court is going to consider Plaintiff's untimely opposition Defendant respectfully requests (b) leave of the Court to file an amended Reply Brief as Defendants initial Reply was submitted on the last day permitted by this Courts Standing Order, but before Plaintiff filed her Opposition.

### II.

## FACTUAL BACKGROUND

Monica Bee ("Plaintiff") filed the instant lawsuit on June 23, 2021, as a result of an alleged "slip and fall" incident that took place on January 24, 2020, at Walmart store #5807 located in Compton, California. (Declaration of Michael F. Colbert ("Colbert Decl.") ¶2). This matter was properly removed to Federal Court on November 12, 2021, based on diversity jurisdiction. (Colbert Dec. ¶3).

Walmart filed a motion for summary judgement ("MSJ") pursuant to Fed. R. Civ. P. 56 on December 22, 2022. (Colbert Dec. ¶4). The hearing date for Defendants MSJ is February 2, 2023. (Colbert Dec. ¶5). Pursuant to Judge Fred W. Slaughter's Civil Standing Order, any opposition to a motion for summary judgement "[m]ust be filed twenty-eight (28) days before the noticed hearing date." (*See* Civil Standing Order pg. 8 lines 8-9). No opposition was filed by Plaintiff 28 days before the noticed hearing date, January 5, 2023. (Colbert Dec. ¶6).

On January 12, 2023, at 3:46 p.m., Walmart submitted its Reply in

3

1  accordance with this Courts Civil Standing Order which required any reply to be

2  submitted <u>no later</u> than "twenty-one (21) days before the noticed hearing date" (*See*

3  Civil Standing Order pg. 8 lines 10-11). No opposition had been filed by Plaintiff at

4  that time. (Colbert Dec. ¶7). After Defendants Reply was filed, Plaintiff filed her

5  opposition to Defendants MSJ, at 5:36 p.m. (Colbert Dec. ¶8).

6        Since Plaintiff's Opposition was filed 21 days before the hearing date, which

7  was the last date to file a Reply Brief, Defendant is currently precluded from filing

8  a Reply Brief to Plaintiff's late opposition.

9  **II.**

10  <u>**ARGUMENT**</u>

11        Good cause exists for this ex parte application as without Court intervention

12  Defendant will be irreparably prejudiced by Plaintiff's late Opposition to

13  Defendant's Motion for Summary Judgement. Defendant filed its reply 21 days

14  before the noticed hearing date in accordance with this Courts Standing Order.

15  After Defendants Reply was filed, and seven (7) days after Plaintiff's opposition

16  was due, Plaintiff filed their Opposition. Plaintiff's untimely filing of her

17  Opposition, after Defendant filed its Reply, has precluded Defendant from

18  addressing the arguments contained in Plaintiff's brief. If Plaintiff's Opposition is

19  considered, Defendant will be precluded from adequately responding to Plaintiff's

20  late opposition and the arguments therein.

21        The Court has the authority to grant ex parte relief under L.R. 17-3 if two

22  conditions are met:

23          "First, the evidence must show that the moving party's cause
will be irreparably prejudiced if the underlying motion is heard

24  according to regular noticed motion procedures. Second, it must be
established that the moving party is without fault in creating the crisis

25  that requires ex parte relief, or that the crisis occurred as a result of

26  excusable neglect."

27  *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488,

28  492 (C.D. Cal. 1995)

2354-9445

4

1   Defendant has followed the Courts Standing Order regarding the filing of its
2   Motion for Summary Judgement. However, Plaintiff's untimely Opposition to
3   Defendants MSJ has necessitated the instant ex parte request for relief. Defendant
4   respectfully requests the Court disregard Plaintiff's Opposition as it was filed late in
5   clear violation of this Courts Standing Order and without any explanation as to
6   why. If the Court is going to consider Plaintiff's Opposition, Defendant requests
7   leave of the Court to file an amended Reply to address Plaintiff's Opposition.

8   **a. Plaintiff's Opposition Should Not be Considered as it was Untimely and**
9   **Violates this Courts Standing Order.**

10   Pursuant to this Courts Civil Standing Order, Plaintiff's Opposition was
11   required to be filed twenty-eight (28) days before the February 2, 2023, hearing
12   date. (*See* Civil Standing Order pg. 8 lines 8-9). Plaintiff did not file an opposition
13   on January 5, 2023.

14   January 12, 2023, was the last day that a Reply Brief could be submitted by
15   Defendant per this Courts Standing Order. (*See* Civil Standing Order pg. 8 lines 10-
16   11). On January 12, 2023, at 3:46 p.m., Defendant filed its Reply noting Plaintiff's
17   failure to file an opposition. (Colbert Dec. ¶7). After Defendants Reply was filed,
18   and after close of business, Plaintiff then filed her opposition to Defendants MSJ, at
19   5:36 p.m. (Colbert Dec. ¶8). Plaintiff's late opposition has severely prejudiced
20   Defendant who would not have had an opportunity to review the opposition until
21   January 13th and was unable to file a Reply beyond January 12, 2023.

22   A court has inherent power to control its docket and the disposition of its
23   cases with economy of time and effort for both the court and the parties. *Landis v.*
24   *North American Co.,* 299 U.S. 248, 254-255, 57 S. Ct. 163, 81 L. Ed. 153
25   (1936); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992). This Court has the
26   authority to disregard Plaintiff's opposition which was filed seven (7) days after it
27   was due. (*See Robinson v. PPG Indus., Inc*., 2021 U.S. Dist. LEXIS 236992, *10;
28   where the Court exercised its authority to disregard Plaintiff's opposition to

5

1  Defendants Motion for Summary Judgement after it was filed two days late).

2      Defendant respectfully requests that the Court disregard Plaintiff's late

3  opposition as it was filed seven (7) days late, without explanation, and after

4  Walmart had already filed its Reply Brief. Plaintiff's untimely filing of her

5  opposition has severely prejudiced Defendant who is precluded from addressing

6  Plaintiff's factual and legal contentions which were raised after Defendant had filed

7  its original Reply.

8      **b. Should the Court Consider Plaintiff's Untimely Opposition, Defendant**

9       **Requests Leave of the Court to File an Amended Reply.**

10      Per the Courts Standing Order, the last date for Defendant to file a Reply

11  Brief was 21 days prior to the hearing date. (*See* Civil Standing Order pg. 8 lines

12  10-11). Although Defendant filed a timely Reply 21 days prior to the hearing date,

13  addressing Plaintiff's failure to file an opposition, Plaintiff filed an opposition

14  several hours after Defendants Reply was filed.

15      If the Court is not going to disregard Plaintiff's late opposition, Defendant

16  respectfully requests an opportunity to file an amended reply to address the

17  arguments raised in Plaintiff's opposition.

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

2354-9445

6

EX PARTE MOTION
CASE NO. 2:21-CV-08919 **FWS** (MARX)

Supp-ER-36

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court disregard Plaintiff's late Opposition as its consideration by the Court will severely prejudice Defendant. Alternatively, if the Court is going to consider Plaintiff's untimely Opposition Defendant requests an opportunity to file an amended Reply Brief.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: January 19, 2023_____By:  s/ Michael F. Colbert
                                   Andrew O. Smith, Esq.
                                   Michael F. Colbert, Esq.
                                   Attorneys for Defendant
                                   **WALMART INC.**
                                   aosmith@pettitkohn.com
                                   mcolbert@pettitkohn.com

2354-9445

7

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that the following document(s):

3

**DEFENDANT WALMART INC.'S EX PARTE MOTION FOR THE**

4

**COURT TO DISREGARD PLAINTIFF'S UNTIMELY OPPOSITION OR, ALTERNATIVLY, FOR AN EXTENSION OF TIME TO REPLY TO PLAINTIFF'S LATE-FILED OPPOSITION TO DEFENDANT'S**

5

**MOTION FOR SUMMARY JUDGMENT**

6

**DECLARATION OF MICHAEL F. COLBERT IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION**

7

**PROPOSED ORDER**

8

9

was/were served on this date to counsel of record:

10

[]     **BY MAIL:**  By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

11

[X]   **BY E-MAIL DELIVERY:**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

12

13

14

[X]   **BY ELECTRONIC TRANSMISSION:**  I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will send notification of this filing to the person(s) listed below.

15

16

17

Igor Fradkin, Esq.
DOWNTON L.A. LAW GROUP

18

601 N. Vermont Ave.
Los Angeles, CA 90004

19

Tel:   (213) 389-3765
Fax:   (877) 389-2775

20

Email:     Igor@downtownlalaw.com;

21

Esanchez@downtownlalaw.com
mitra@downtownlalaw.com

22

**Attorneys for Plaintiff
MONICA BEE**

23

24

Executed on **January 19, 2023**  at Los Angeles, California.

25

26

27

_____
Kaitlyn Laurio

28

2354-9445

8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: January 23, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S *EX PARTE* APPLICATION [42]**

Before the court is Defendant Walmart Inc.'s ("Defendant") Ex Parte Application ("Application" or "App.") for the Court to Disregard Plaintiff's Untimely Opposition or, Alternatively, for an Extension of Time to Reply to Plaintiff's Late-Filed Opposition to Defendant's Motion for Summary Judgment. (Dkt. 42.)  Defendant's Application is supported by the declaration of Defendant's counsel Michael F. Colbert ("Colbert Decl.") and exhibits attached thereto. (Dkt. 42-1.)  As of the date of this Order, Plaintiff Monica Bee ("Plaintiff") has not filed an Opposition or response to the Application. (*See generally* Dkt.)  The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Based on the state of the record, as applied to the applicable law, the court **GRANTS IN PART AND DENIES IN PART** the Application.

**I.     Legal Standard**

*Ex parte* applications are "rarely justified."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is

CIVIL MINUTES – GENERAL                                                                     1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                         Date: January 23, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.  *Id.* at 492-93.  In *Horne v. Wells Fargo Bank, N.A.*, the district court discussed the legal standard for *ex parte* applications:

> The "opportunities for legitimate *ex parte* applications are extremely limited."  *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); *see also Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an *ex parte* application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment").

> . . .

> The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

969 F. Supp. 2d 1203, 1205 (C.D. Cal 2013).  The *Horne* court also reiterated the dangers of *ex parte* applications:

> [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the exception.  Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw

**CIVIL MINUTES – GENERAL**                                              **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: January 23, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

the system out of whack. They impose an unnecessary administrative
burden on the court and an unnecessary adversarial burden on opposing
counsel who are required to make a hurried response under pressure,
usually for no good reason. They demand priority consideration, where
such consideration is seldom deserved. In effect, they put the applicant
'ahead of the pack,' without cause or justification.

*Id.* at 1205 (citation omitted).

## II.    Discussion

In this case, in summary, on June 23, 2021, Plaintiff filed a Complaint as a result of an
alleged "slip and fall" incident that occurred at a Walmart store in Compton, California. (Dkt.
1-1.) On November 12, 2021, Defendant removed the case to federal court. (Dkt. 1.) On
December 22, 2022, Defendant filed a Motion for Summary Judgment that was noticed for
hearing on February 2, 2023. (Dk. 34.) Per the court's Scheduling Order and Civil Standing
Order, Plaintiff's Opposition was due 28 days before the hearing date, or by January 5, 2023.
(Dkts. 31, 32.) Plaintiff did not file an Opposition by this date. (*See generally* Dkt.) Defendant
filed a Reply on January 12, 2023. (Dkt. 37.) Plaintiff filed her Opposition later that day on
January 12, 2023. (Dkts. 38-41.) Defendant now seeks *ex parte* relief for the court to disregard
Plaintiff's untimely Opposition or, in the alternative, for an extension of time to file a revised
Reply. (Dkt. 42.)

The court finds that Defendant has sufficiently demonstrated it will suffer immediate or
irreparable prejudice warranting *ex parte* relief based on its explanation that Plaintiff submitted
an untimely Opposition after the Motion was fully briefed. (*See generally* App.) Defendant
argues that, apart from the untimeliness of Plaintiff's Opposition, Defendant "will be precluded
from adequately responding to Plaintiff's late opposition and the arguments therein." (*Id.* at 4.)
The court also finds that Defendant has sufficiently demonstrated it is without fault in creating
the crisis that requires *ex parte* relief or that the crisis occurred as a result of excusable neglect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: January 23, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

The court observes that Plaintiff's Opposition was filed both after the January 5, 2023, deadline and after Defendant had already filed a Reply.  (*See* Dkts. 37-41.)

As a result, the court concludes *ex parte* relief is warranted here.  The court, in its discretion, **DECLINES** to strike Plaintiff's untimely Opposition and **GRANTS** Defendant's alternative relief requested of seeking leave to file a revised Reply.  The court grants Defendant leave to file a revised Reply **on or before January 26, 2023**.  All other dates, including the hearing date of February 2, 2023, are to remain.

**III.    Disposition**

For the reasons set forth above, Defendant has sufficiently met the requirements for *ex parte* relief and the court **GRANTS IN PART AND DENIES IN PART** the Application.

Initials of Deputy Clerk:  mku

**CIVIL MINUTES – GENERAL**                                          **4**

1   **IGOR FRADKIN, ESQ.- State Bar No. 299491**
2   **DANIEL AZIZI, ESQ. - State Bar No. 268995**
    **DOWNTOWN L.A. LAW GROUP**
3   601 N. Vermont Ave.
    Los Angeles, CA  90004
4   Tel: (213)389-3765 -
    Fax: (877)389-2775
5   Email: Igor@downtownlalaw.com
6

7   Attorneys for Plaintiff
8   MONICA BEE

9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12

13   MONICA BEE, an individual,                Case No.  2:21-cv-08919 RGK(MARx)

14                         Plaintiff,           **PLAINTIFF'S MOTION FOR**
                                                **RECONSIDERATAION**
15                                              **REGARDING THE COURT'S**
            v.                                  **ORDER GRANTING**
16                                              **DEFENDANT'S MOTION FOR**
17   WALMART, INC., a Delaware                  **SUMMARY JUDGMENT**
     corporation; AARON, an individual; and
18   DOES 1-25, inclusive,
                                                Date:    May 25, 2023
19                         Defendants.          Time:  10:00 am
20                                              Judge: Hon. Fred W. Slaughter
                                                Courtroom: 10D
21

22

23

24

25

26

27

28

                                        1
     **PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S**
       **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1

## TABLE OF CONTENTS

MEMORANDUM OF POINTS & AUTHORITIES ..................................................... 5

I.      INTRODUCTION .......................................................................................... 5

II.     MOTIONS FOR RECONSIDERATION ....................................................... 5

        A.    Law Permitting Reconsideration .................................................... 5

        B.    Facts not Presented in the Original Hearing................................... 7

        C.    Whether a Floor is Properly Maintained is a Question of Fact for
              the Jury ........................................................................................... 9

        D.    Notice is Not Required Because Defendant, It's Employees and/or
              Agents Created or Contributed to the Creation of the Dangerous
              Condition ...................................................................................... 10

        E.    Defendant had Constructive and/or Actual Knowledge of the
              Condition Prior to Plaintiff's Fall............................................... 11

        F.    Circumstantial Evidence is Admissible to Prove Negligence and
              Reasonable Inferences are Permissible ....................................... 12

        G.    Constructive Notice is a Question of Fact for the Jury .............. 13

III.    CONCLUSION ........................................................................................... 14

**2**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1

## TABLE OF AUTHORITIES

2

*Cases*

3

<u>Federal</u>

4

*Browder v. Director*, 434 U.S. 257, 266 (1978) ................................................... 6

5

*Coastal Transfer v. Toyota Motor Sales*, 833 F.2d 208 (9th Cir. 1987) ........................... 7

6

*McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999) ........................................... 6

7

*School Dist. No. 1J v. AC&S, Inc*., 5 F.3d 1255 (9th Cir. 1993) ....................................... 5

8

*United States v. Fiorelli,* 337 F.3d 282 (3d Cir. 2003) .................................................. 5, 6

9

10

<u>State</u>

11

*Ahern v. S.H. Kress & Co.* (1950) 97 Cal.App.2d 691 ...................................................... 10

12

*Arundell v. American Oil Fields Co.* (1916) 31 Cal.App. 218 ............................................ 13

13

*Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798 ............................................................ 10, 12

14

*Jones v. Leonardt* (1909) 10 Cal.App. 284 ................................................................. 13, 14

15

*Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472 ......................................... 13

16

*Ortega v. Kmart Corp*. (2001) 26 Cal. 4th 1200 ................................................... 9, 11, 13

17

*Quintal v. Laurel Grove Hospital* (1964) 62 Cal.2d 154 ................................................ 13

18

*Rothschild v. Fourth & Market Street Realty Co.* (1934) 139 Cal.App. 625 .................. 10

19

*Tuttle v. Crawford* (1936) 8 Cal.2d 126 .............................................................. 9, 11, 12

20

21

*Statutes*

22

<u>Federal</u>

23

Federal Rule of Evidence 59 ............................................................................... 5, 6

24

Federal Rule of Evidence 60 ............................................................................... 6, 7

25

/ /

26

/ /

27

/ /

28

/ /

**3**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1

**State**

Code Civ. Proc., § 1832 .................................................................................. 13

**Other**

Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial

§ 14:362.1 (2006). ................................................................................ 7

4

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    INTRODUCTION

Plaintiff believes the decision granting Defendant WALMART's motion for summary judgment was based on an error of fact. The Court stated in relevant portion of its ruling (Exhibit A), as follows:

> Defendant objects to the expert reports contained in the Barillas Declaration and Balian Declaration on the grounds that the reports were provided on January 20, 2023, and thus were not disclosed in a timely manner. (Supp. Colbert Decl. ¶ 5; Reply at 4-5.) The court's Scheduling Order required initial expert disclosures to be made on or before January 5, 2023, and rebuttal expert disclosures to be made on or before January 19, 2023. (Dkt. 32.) Plaintiff does not sufficiently explain why the reports were untimely. (See generally Dkt.) Because the expert reports were untimely disclosed and Plaintiff does not argue their nondisclosure was substantially justified or harmless, the court does not consider the Barillas Declaration and Balian Declaration in deciding the Motion. See Fed. R. Civ. P. 26(a)(2)(B)(i) (an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them"); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (stating "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)"). Therefore, based on the state of the record, as applied to the applicable law, the court SUSTAINS Defendant's evidentiary objections to the Barillas Declaration and Balian Declaration. However, even if the Barillas Declaration and Balian Declaration had been timely, the court finds that the opinions contained in the reports do not create a genuine issue of material fact as to Defendant's actual or constructive notice of the spill..

> [ . . . ]

> The court finds the record does not reflect any evidence of actual notice— in other words, that Defendant knew of the spill. (See, e.g., D. SUF Nos. 10, 11, 13, 14.) The court further finds the record reflects that only five minutes and 47 seconds elapsed between Gisele Ornelas's inspection and the incident. (See, e.g., D. SUF No. 9.) As a matter of law, an

**5**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

approximately five-minute window of time between an inspection and a fall does not constitute a breach of the duty of care. See, e.g., Cardoza, 2018 WL 3357489, at *3; Alacan, 2015 WL 10945603, at *3; Eidem, 2011 WL 3756144, at *9; Calderon, 2013 WL 4401430, at *2. Because Defendant has met its burden of demonstrating a lack of evidence as to actual or constructive notice, the burden shifts to Plaintiff to designate "specific facts showing there is a genuine issue for trial." Celotex, 477 U.S. at 324.

Plaintiff argues, in summary, that summary judgment should not be granted because she believes Walmart employees caused the spill, Walmart's choice of flooring tile contributed to her fall, and employees did not follow internal procedures. (Opp. at 6.) Plaintiff contends Defendant's evidence is "demonstrably false," but does not provide evidence that sufficiently rebuts or undermines Defendant's evidence. (Id.) Plaintiff also points to her deposition testimony in which she testified that after her fall, a Walmart employee said, "I'm sorry" and "We should have cleaned it up." (P. SUF No. 2.) Plaintiff argues this statement implies that "one, if not more, employees had spotted the substance and did not follow procedure." (Opp. At 20.)

The court finds Plaintiff has not met her shifted burden to demonstrate a genuine issue of material fact as to whether Defendant had actual or constructive notice of the alleged hazardous condition. The evidence cited to by Plaintiff—namely, her deposition testimony—does not lead to the reasonable inference that Defendant admitted to knowledge of the spill. The court observes that in Plaintiff's deposition, Plaintiff herself describes this inference as speculation. (See Supp. Colbert Decl. ¶ 2, Exh. 6 at 93:2-5) ("Q: So you're speculating that when she said, 'We should have cleaned it up,' that she actually knew about it before your incident? A: Yes."). The court finds that Plaintiff's speculative testimony regarding Defendant's actual or constructive notice does not defeat summary judgment here. See Anheuser-Busch, Inc. v. Nat. Beverage Distributors, 69 F.3d 337, 345 (9th Cir. 1995) ("[C]onclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.").

## II. MOTIONS FOR RECONSIDERATION

### A. Law Permitting Reconsideration

A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule

**6**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1    60(b) (relief from judgment), as appropriate. *School Dist. No. 1J v. AC&S, Inc*., 5 F.3d
2    1255, 1262 (9th Cir. 1993).

3         Rule 59(e) authorizes a motion to alter or amend a judgment. A Rule 59(e) motion
4    must be filed no later than 28 days after the entry of the judgment. This is a strict time
5    limit, and the court has no authority to grant more time. See Fed. R. Civ. 6(b); *United*
6    *States v. Fiorelli,* 337 F.3d 282 (3d Cir. 2003).  A motion for reconsideration under Rule
7    59(e) can be filed for almost any reason. As the court said in *Fiorelli*, supra at 338, Rule
8    59(e) is a "device to relitigate the original issue decided by the district court, and used to
9    allege error." The following are a few grounds for relief that may be brought under Rule
10   59(e):

11        • Errors of law or fact in the court's decision. See *McDowell v. Calderon*, 197
12          F.3d 1253, 1255 n. 1 (9th Cir. 1999)( banc)(Rule 59(e) is available to
13          "correct manifest errors of law or fact upon which the judgment is based.").

14        • Errors of procedure or evidence. See *Browder v. Director*, 434 U.S. 257,
15          266 (1978)(erroneous denial of hearing is a proper claim brought under
16          Rule 59(e)).Rule 59, Rule 60

17        • Clerical mistakes. See Fed. R. Civ. P. 60(a); Advisory Committee Note to
18          Fed. R. Civ. P. 60 (any Rule 60 ground for relief may also be brought under
19          Rule 59(e)).

20        • Mistake, inadvertence, surprise, excusable neglect, newly discovered
21          evidence, fraud, any factor rendering the judgment void, and any other
22          reason that justifies relief. See Fed. R. Civ. P. 60(b); Advisory Committee
23          Note to Fed. R. Civ. P. 60 (any Rule 60 ground for relief may also be
24          brought under Rule 59(e)).

25        • Any reason for which a rehearing has been granted in a suit in equity in
26          federal court. See Fed. R. Civ. P. 59(a)(l)(B).

27        Rule 60 permits a motion for relief from a judgment to be filed after the 28 day
28   timeframe for filing a Rule 59(e) motion has run.        Specifically a movant may, within

---

**7**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

one year, file a Rule 60(b) motion for relief from judgment on the grounds of (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, through the exercise of reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59; or (3) fraud, misrepresentation or misconduct by the opposing party. See Fed. R. Civ. P. 60(b)(1)-(3), (c)(1). Rule 60 also permits the movant to, within a "reasonable time," file a 60(b) motion for relief from judgment on the grounds that (4) the judgment is void; (5) the judgment has been satisfied, is based on an earlier judgment that has been vacated, or applying the judgment prospectively would not be equitable; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6), (c)(1).

A motion for reconsideration of an order granting summary judgment is treated similarly to a motion for a new trial, requiring evidence or argument that could not have been presented earlier. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 14:362.1 (2006). Moreover, the evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case. *Coastal Transfer v. Toyota Motor Sales*, 833 F.2d 208, 210 (9th Cir. 1987).

### B.    Facts not Presented in the Original Hearing

First, the Court speculates and makes inferences not support by evidemce that Walmart's employee inspected the area twice prior to the slip and fall.  The video does not conclusively support his conclusion.  Just as the Court states that Plaintiff's testimony that an employee admitted to having said "Sorry" and "It should have been cleaned up" as speculative, the supposition that this employee actually inspected the area and did not merely walk through the area is speculative.

Further, Plaintiff identifies new evidence as follows:

Deposition of Ornelas:
Page 19:
Q. Right. So my question isn't generally
14 speaking, it's specifically. For example --
15 A. Yes.
16 Q. -- do you remember how many times you walked
17 through the area where the incident occurred the next
18 day, for example, January 25th, 2020?

**8**
**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

19 MR. COLBERT: Objection. Vague and ambiguous.
20 Calls for speculation.
21 Go ahead.
22 THE WITNESS: How many times? **No, I do not**
**23 remember.**

Page 21
3 THE WITNESS: Can you ask that again?
4 BY MR. FRADKIN:
5 Q. Sure. So besides what you saw in the video,
6 do you remember, as you sit here today, actually walking
7 through the area where the incident occurred twice on
8 January 24, 2020?
9 MR. COLBERT: Objection. Vague and ambiguous.
10 Asked and answered.
11 Counsel, the question is akin to asking
12 besides what you saw with your eyes, do you recall what
13 you saw?
14 MR. FRADKIN: There's no speaking objections.
15 State your objections, and then we can go on.
16 MR. COLBERT: Go ahead.
17 THE WITNESS: **Besides the video, no.**
[. . .]
20 According to your declaration at 10:56:28 you
21 walked over the area where the incident occurred and
22 inspected the floor. Do you know if at any point before
23 10:56:28 on that day you had walked through that area?
24 MR. COLBERT: Objection. Vague and ambiguous.
25 Calls for speculation.
Page 22
1 Go ahead and answer if you recall.
2 THE WITNESS: If I walked before 10:56?
3 BY MR. FRADKIN:
4 Q. Right.
5 A. **Do I remember**?
6 Q. Yes. That's the question.
7 A. **No**.
8 Q. Okay. At 10:56:28 where were you coming from
9 and where were you going?
10 MR. COLBERT: Objection. Vague and ambiguous.
11 THE WITNESS: I was coming from the back room. I
12 was stocking on the sales floor, and **I assume** I went to
13 the back room. But from that, **I don't remember.**

**9**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S**
**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1
2

Page 23

3
4
5 Q. Were you carrying anything as you were
6 walking from the back room to your department?
7 MR. COLBERT: Objection. Vague and ambiguous.
5
8 Calls for speculation.
9 Go ahead.
6
10 THE WITNESS: I was pulling a cart.
7
11 BY MR. FRADKIN:
12 Q. Okay. And then it says, according to your
8
13 declaration, about a minute later you walked through the
9
14 area where this incident occurred again; is that
15 correct?
10
16 A. Correct.
17 Q. And was that going back to the back room?
11
18 MR. COLBERT: Objection. Vague and ambiguous.
12
19 Calls for speculation.
20 THE WITNESS: I went back to grab my cart, **and I**
13
**21 assume** I went to the back room from there.

14
15
Ms. Ornelas has no independent recollection of walking through the area on

16
the date of the accident.  Much her testimony regarding the date of the incident is an

17
"assumption."  She only knows she walked through twice because of her review of

18
the video.  She, therefore, has no actual recollection of inspecting the floor way in the

19
two times she walked through the area.  Habit of doing so is not the same as actually

20
recalling doing so.  However, the video shows her pulling a cart through the area, not

21
looking at the floor. If the Court is going to argue in support of its ruling that

22
Plaintiff's evidence of notice is flimsy as it is based upon Plaintiff's recollection of

23
being told by an employee they were sorry and that the spill should have been cleaned

24
up is not strong enough, then that same can be said for Defendant's assertion that Ms.

25
Ornelas inspected the area twice.  The evidence supporting she inspected it is just was

26
speculative.  But what we do know is that withing five to ten minutes before the

27
incident, Mr. Ornelas was in the area of the fall and should have inspected the floor

28
and noted the spill.  The fact that an employee was in the area twice prior to the slip

and fall and has no actual recollection of inspecting the area other than, she must have

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1  because she usually did, is not enough for the Court to find there is no dispute of that

2  material fact.  As such, it was improper to grant summary judgment on this matter.

3      Furthermore, Ms. Ornelas deposition contradicts her declaration enough that

4  the declaration should be considered a "sham affidavit." "In order to trigger the sham

5  affidavit rule, the district court must make a factual determination that the

6  contradiction is a sham, and the 'inconsistency between a party's . . . testimony and

7  subsequent affidavit must be clear and unambiguous to justify striking the affidavit."

8  *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).  Taken in context, it is clear

9  and unambiguous that Ms. Ornelas does not have any actual recollection and is

10  assuming most, if not all, of the matters contained in her affidavit.

11      Additionally, at least one other female employee was potentially walking in the

12  area prior to the incident who could reasonably have been the person who told

13  plaintiff she was sorry and she should have cleaned up the slip prior to the incident.

14        Deposition of Ornelas:
        Page 30
15        20 Q. Do you know when before 10:26:28 any other
        21 WalMart employee had walked through the area where the
16        22 incident occurred?
        23 MR. COLBERT: Objection. Vague and ambiguous.
17        24 Calls for speculation.
        25 Go ahead and answer if you know.
18        Page 31
        1 THE WITNESS: No. I only know from the video I
19        2 seen Tania.
        3 BY MR. FRADKIN:
20        4 Q. And -- and so in the video did you see Tania
        5 walk through the area before you did?
21        6 MR. COLBERT: Objection. Vague and ambiguous.
        7 Go ahead and answer if you recall.
22        8 THE WITNESS: I don't recall.
23
24
25
26      Given that Ms. Ornelas has no actual recollections outside of viewing a video

27  of what she did or did not do, the fact she parked a cart in the vicinity of the incident

28  when she went to help a customer, that she moved the cart, that at least one other

**11**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1   female employee was likely in the area, there is a reasonable inference, based on
2   permissible circumstantial evidence such that a trier of fact should hear the case and
3   decide it on the merits, that the Court should vacate its prior ruling and deny the
4   motion for summary judgment.

5        **C.    Whether a Floor is Properly Maintained is a Question of Fact for**
6   **the Jury**

7        Whether the floor of a store or public marketplace was so negligently maintained
8   as to render the person responsible for its condition liable in damages is a question of fact
9   to be decided by the jury. (*Tuttle v. Crawford* (1936) 8 Cal.2d 126, 130). Whether a
10  dangerous condition has existed long enough for a reasonably prudent person to have
11  discovered it is a question of fact for the jury, and the cases do not impose exact time
12  limitations. Each accident must be viewed in light of its own unique circumstances.
13  (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1207).  While plaintiff must prove that
14  the defective condition existed long enough so that by the use of reasonable care it should
15  have been discovered and remedied, that fact, may be proved by circumstantial evidence.
16  (*Ahern v. S.H. Kress & Co.* (1950) 97 Cal.App.2d 691, 694). It is generally a question of
17  fact for the jury as to whether under the circumstances the defective condition existed
18  long enough so that a reasonable man exercising reasonable care would have discovered
19  it as noted in *Rothschild v. Fourth & Market Street Realty Co.* (1934) 139 Cal.App. 625,
20  627, where the court stated: "[. . .] the question whether the condition which caused the
21  injury had existed so long as to be discoverable by the defendant within a reasonable time
22  is one for the jury."

23       **D. Notice is Not Required Because Defendant, It's Employees and/or Agents**
24  **Created or Contributed to the Creation of the Dangerous Condition**

25        "Where the dangerous or defective condition of the property which causes the
26  injury has been created by reason of the negligence of the owner of the property or his
27  employee acting within the scope of the employment, the owner of the property cannot be
28  permitted to assert that he had no notice or knowledge of the defective or dangerous

---

**12**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1      condition in an action by an invitee for injuries suffered by reason of the dangerous
2      condition. Under such circumstances knowledge thereof is imputed to him." (*Hatfield v.*
3      *Levy Bros.* (1941) 18 Cal.2d 798, 806).

4          Here, there is a sufficient dispute of fact related to Walmart's employee's
5      activities at the time of the incident for which there is sufficient evidence to support a
6      jury finding an employee caused or contributed to the substance by either (1) permitting
7      the items to spill on the floor, (2) noticing, yet ignoring, the substance in the area of the
8      incident, and/or (3) not performing duties to inspect the floor "constantly" in a sufficient
9      manner such that the substance was permitted to be on the floor.  As such, notice was not
10      necessary and even if it was, Walmart' had at least constructive or actual knowledge of
11      the substance five (5) minutes prior to the incident.

12        **E.**       **Defendant had Constructive and/or Actual Knowledge of the Condition**
13 **Prior to Plaintiff's Fall**

14        "The exact time the condition must exist before it should, in the exercise of
15      reasonable care, have been discovered and remedied, cannot be fixed, because, obviously,
16      it varies according to the circumstances. ***A person operating a grocery and vegetable***
17      ***store in the exercise of ordinary care must exercise a more vigilant outlook than the***
18      ***operator of some other types of business where the danger of things falling to the floor***
19      ***is not so obvious***." (*Ortega v. Kmart Corp.*, *supra*, 26 Cal.4th at p. 1210). The *Ortega*
20      Court was mindful that an owner must have a reasonable time to make an inspection in
21      order to discover the dangerous condition and correct it.  (*Id.* at p. 1211). But the court
22      found, the evidence of defendant's failure to inspect the premises within a reasonable
23      period of time prior to the accident is indicative of defendant's negligence and creates a
24      reasonable inference that the dangerous condition existed long enough for it to be
25      discovered by the owner. (*Ibid.* ). In other words, the inference tends to establish a fact
26      from which the existence of another fact in issue (that the liquid was on the floor for a
27      sufficient period of time to establish constructive knowledge) can be inferred. (*Ibid.* ).

28

**13**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In *Tuttle v. Crawford*, *supra*, 8 Cal.2d 126, a judgment for a plaintiff was affirmed where she had fallen in the vegetable department of a store when she slipped on some lettuce leaves on a wet cement floor. The condition had been noted by an employee who said he had swept the wet space five to eight minutes before the accident, but the court said that if he had swept "he swept poorly." The court also said that it did not follow that plaintiff was negligent because she did not see the lettuce leaves. The court said further, at page 130:

> "That it is the duty of storekeepers to keep the floors of their premises safe for those who must pass over them in the transaction of their business must be conceded. The fact that the attention of persons who visit public markets is attracted by the display of the wares offered for sale and more or less absorbed by the transactions which they have in mind would seem to increase the necessity of exercising care to the end that the floor spaces and aisles allotted to the use of customers should be made safe and kept fit for such purpose."

To impose liability the owner must have either actual or constructive knowledge of the dangerous condition *or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises. His negligence in such cases is founded upon his failure to exercise ordinary care in remedying the defect after he has discovered it or as a man of ordinary prudence should have discovered it*." (*Hatfield v. Levy Bros*. (1941) 18 Cal.2d 798, 806).

Here, there were employees in the area prior to the incident.  There is conflicting evidence as to how the liquid came to be on the floor.  However, it appears at least one employee in the area did not follow procedure for inspection. Further, a female employee stated she saw the substance prior to the slip and it should have been cleaned up.

**F.     Circumstantial Evidence is Admissible to Prove Negligence and Reasonable Inferences are Permissible**

Plaintiff is able to establish her case using circumstantial evidence and the jury is allowed to make reasonable inferences from this evidence. Speculation is defined by

**14**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Oxford Press as the forming of a theory or conjecture without firm evidence. Circumstantial evidence is defined as information and testimony presented by a party in a civil action that permits conclusions that indirectly establish the existence or nonexistence of a fact or event that the party seeks to prove. Inferences are defined as a conclusion reached on the basis of evidence and reasoning. There is a difference between speculation and when a party presents circumstantial evidence leading to inferences.

The plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence. Knowledge may be shown by circumstantial evidence "which is nothing more than one or more inferences which may be said to arise reasonably from a series of proven facts." (*Ortega v. Kmart Corp.*, *supra*, 26 Cal.4th at pp. 1206-1207). Negligence and connecting defendant with it, like other facts, can be proved by circumstantial evidence. There does not have to be an eyewitness, nor need there be direct evidence of defendant's conduct, and there is no absolute requirement that plaintiff explain how the accident happened. (*Quintal v. Laurel Grove Hospital* (1964) 62 Cal.2d 154, 168). Direct evidence of a fact in dispute is not required in all cases, as the law recognizes the force of indirect evidence which tends to establish such fact by proving another, which, though not in itself conclusive, affords an inference or presumption of the existence of the fact in dispute. (*Arundell v. American Oil Fields Co.* (1916) 31 Cal.App. 218). The fact of negligence may be proved by indirect as well as by direct evidence. (*Jones v. Leonardt* (1909) 10 Cal.App. 284; Code Civ. Proc., § 1832.) Negligence, like any other fact, may be inferred from a preponderance of the evidence, whether it be circumstantial or direct, and plaintiff is not required to prove his case beyond a reasonable doubt. (*Arundell v. American Oil Fields Co.*, *supra*, at p. 235).

**G.    Constructive Notice is a Question of Fact for the Jury**

Generally, the question of whether the owner had constructive knowledge of the existence on the specific hazard is a question of fact for the jury. (*Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472, 479.) The owner must use the care required of a

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

reasonably prudent [person] acting under the same circumstances. (*Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472, 476). A plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence and whether this condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury. (Id. at p. 477.) There are no exact time limits. Rather, each accident must be viewed in light of its own unique circumstances. (Id.).

### F.    The Motion is Timely

First, the motion is in effect a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which states that such a motion must be filed within a "reasonable time." See Fed. R. Civ. P. 60(c)(1). The instant motion was easily filed a "reasonable time" for relief from judgment.

### G.    The Experts' Opinion Should be Considered

Sanctions available to trial judge under Rule 37(b) are discretionary. General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 17 Fed. R. Serv. 2d (Callaghan) 1221, 1973 U.S. App. LEXIS 8563 (8th Cir. 1973), cert. denied, 414 U.S. 1162, 94 S. Ct. 926, 39 L. Ed. 2d 116, 1974 U.S. LEXIS 1663 (1974).   A court should impose sanctions no more drastic than those actually required to protect rights of other parties.   Diaz v. Southern Drilling Corp., 427 F.2d 1118, 26 A.F.T.R.2d (RIA) 5397, 13 Fed. R. Serv. 2d (Callaghan) 1018, 1971-1 U.S. Tax Cas. (CCH) ¶ 9236, 71-1 U.S. Tax Cas. (CCH) ¶ 9236, 1970 U.S. App. LEXIS 10507 (5th Cir.), cert. denied, 400 U.S. 878, 91 S. Ct. 118, 27 L. Ed. 2d 115, 1970 U.S. LEXIS 660 (1970).

In determining sanctions, courts will consider "willfulness" on part of person or party failing to act in accordance with discovery procedures. Diaz v. Southern Drilling Corp., 427 F.2d 1118, 26 A.F.T.R.2d (RIA) 5397, 13 Fed. R. Serv. 2d (Callaghan) 1018, 1971-1 U.S. Tax Cas. (CCH) ¶ 9236, 71-1 U.S. Tax Cas. (CCH)

**16**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

¶ 9236, 1970 U.S. App. LEXIS 10507 (5th Cir.), cert. denied, 400 U.S. 878, 91 S. Ct. 118, 27 L. Ed. 2d 115, 1970 U.S. LEXIS 660 (1970).  Although Rule 37(b) applies to all failures to comply with court orders, whether willful or not, presence or lack of good faith in parties is relevant to orders which should be given. B. F. Goodrich Tire Co. v Lyster, 328 F.2d 411, 8 Fed. R. Serv. 2d (Callaghan) 37B.232, Case 1 (CA5 Ala 1964).

Considerations of fair play may dictate that courts eschew harshest sanctions where failure to comply is due to mere oversight of counsel amounting to no more than simple negligence. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 27 Fed. R. Serv. 2d (Callaghan) 828, 1979-2 Trade Cas. (CCH) ¶ 62778, 1979 U.S. App. LEXIS 13586 (2d Cir. 1979).

A party's failure to disclose under Rule 26(a)(1) is harmless if it involves "an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." Tolerico v. Home Depot, 205 F.R.D. 169, 176. (M.D. Pa. 2002).  Further, inadvertent failure to disclose the name of a potential witness known to all parties or the failure to list as a trial witness a person listed by another party is "harmless." Id. (citing Advisory Committee Note to the 1993 Amendments to Rule 37(c)); see also U.S. Fid. & Guar. Co. v. Brown, 2003 U.S. Dist. LEXIS 27654, at *5-6 (M.D. Pa. Mar. 7, 2003).

In determining whether a failure to disclose or supplement is substantially justified or harmless, a court should consider the following four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P., 648 F. App'x 414, 419 (5th Cir. 2016) (citing Texas A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003)). Jennifer Valenzuela, Krista Valenzuela, and Alyssa Valenzuela's testimony

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

is extremely important to the case, as it forms the basis of Plaintiff's damages claim. See <u>Bitterroot Holdings</u>, 648 F. App'x at 419 (holding that the district court did not abuse its discretion in permitting evidence not properly disclosed under Rule 26 because the evidence was important to the case); See also <u>Joy Global, Inc. v. Wis. Dep't of Workforce Dev.</u> (In re Joy Global, Inc.), 423 B.R. 445, 2010 U.S. Dist. LEXIS 12627 (D. Del. 2010) [Parties' <u>motions in limine were denied</u> in part because fact that some evidence was not disclosed from some witnesses under Fed. R. Civ. P. 26 was not severe enough to warrant complete preclusion of testimony at trial particularly when witnesses and <u>information were known to other party</u> and any failure was harmless].

### III.   CONCLUSION

Based on the foregoing, defendant has failed to establish the burden required to succeed on a motion for summary judgment.  Therefore, the Court, respectfully, should deny the motion in its entirety.

DATED:  April 21, 2023                     **DOWNTOWN L.A. LAW GROUP**

*Igor Fradkin*

_____

BY:   Igor Fradkin, Esq.
         Attorneys for Plaintiff,
         MONICA BEE

**18**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## CERTIFICATE OF SERVICE

I hereby certify that the following documents(s):

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was/were served on this date to counsel of record:

[ ]    **BY MAIL**: By lacing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[X]    **BY E-MAIL DELIVER**: Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]**    **BY ELECTRONIC TRANSMISSION**: I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Andrew O. Smith, Esq., SBN 246819
Michael F. Colbert, Esq., SBN 319539
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: aosmith@pettitkohn.com  &  mcolbert@pettitkohn.com

*Attorneys for Defendant* WALMART INC.

Executed on December 1, 2022, at Los Angeles, California.

*Elizabeth Sanchez*
_____
Elizabeth Sanchez

**19**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1  **IGOR FRADKIN, ESQ.- State Bar No. 299491**
2  **DANIEL AZIZI, ESQ. - State Bar No. 268995**
   **DOWNTOWN L.A. LAW GROUP**
3  601 N. Vermont Ave.
   Los Angeles, CA  90004
4  Tel: (213)389-3765 -
   Fax: (877)389-2775
5  Email: Igor@downtownlalaw.com
6

7
   Attorneys for Plaintiff
8  MONICA BEE

9

10            **UNITED STATES DISTRICT COURT**

11           **CENTRAL DISTRICT OF CALIFORNIA**

12

   MONICA BEE, an individual,          Case No.  2:21-cv-08919 RGK(MARx)

              Plaintiff,               **DECLARATION OF IGOR**
                                       **FRADKIN, ESQ. IN SUPPORT OF**
        v.                             **MOTION FOR**
                                       **RECONSIDERATION**

   WALMART, INC., a Delaware
   corporation; AARON, an individual; and   Date:   May 25, 2023
   DOES 1-25, inclusive,               Time: 10:00 am
                                       Judge: Hon. Fred W. Slaughter
              Defendants.              Courtroom: 10D

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**1**

I, IGOR FRADKIN, ESQ., declare:

1.  I am an attorney at law duly licensed to practice law before all the courts of the State of California.  I am an attorney at DOWNTOWN L.A. LAW GROUP, attorneys of record for plaintiff, MONICA BEE. I am over the age of 18.

2.  I am familiar with the facts and proceedings of this case and if called as a witness, I could and would competently testify to the following facts from my own personal knowledge.

3.  Per Local-Rule 7-3, I met and conferred regarding the substance of this motion with Defense counsel on April 21, 2023. Resolution was unable to be reached.

4.  Attached hereto as Exhibit A is a true and correct copy of the relevant portions of the Deposition Transcript of Ms. Ornelas.

5.  Attached hereto as Exhibit B is a true and correct copy of the Court's April 7, 2023 ruling.

6.  Attached here to as Exhibit C are true and correct copies of the Defendant's moving papers.

7.  Attached here to as Exhibit D are true and correct copies of the Plaintiff's opposition.

I declare under the penalty of perjury to the laws of the State of California and of the United States of America that the foregoing is true and correct, except as

**2**

Downtown L.A. Law Group
601 N.Vermont Ave.
Los Angeles, CA 90004

Case: 23-55458, 11/29/2023, ID: 12830215, DktEntry: 21, Page 64 of 122

to those matters which are stated upon information and belief, as to such matters, I am informed and believed that they are true and correct.

Executed this 21st day of April, 2023 in Los Angeles, California.



By:    Igor Fradkin, Esq.

# EXHIBIT "A"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


MONICA BEE, an individual,        )
                                  )
                  Plaintiff,      )
                                  )
         vs.                      )No. 2:21-cv-08919
                                  )    RGK (MARx)
                                  )
WALMART, INC., a Delaware         )
corporation; AARON, an            )
individual; and DOES 1-25,        )
inclusive,                        )
                                  )
                  Defendants.     )
_____ )


Videoconference
Deposition of:        GISELE ORNELAS


Date and Time:        Tuesday, January 10, 2023
                      8:15 a.m.


Place:                2100 North Long Beach Boulevard
                      Compton, California


Reporter:             Dorothy M. Simpson, CSR
                      Certificate No. 14323

Gisele Ornelas
Monica Bee vs. Walmart, Inc.

1226412

1    the video, do you specifically remember yourself walking

2    through that area twice before the incident occurred?

3         MR. COLBERT:  Objection.  Argumentative.  Vague and

4    ambiguous.

5              You are asking her to forget something that

6    she has reviewed.

7              I'm confused as to why you are asking this

8    like this, Counsel.

9    BY MR. FRADKIN:

10        Q.    You can answer the question.

11        A.    I remember working there because that was my

12   area, so I was there constantly.

13        Q.    Right.  So my question isn't generally

14   speaking, it's specifically.  For example --

15        A.    Yes.

16        Q.    -- do you remember how many times you walked

17   through the area where the incident occurred the next

18   day, for example, January 25th, 2020?

19        MR. COLBERT:  Objection.  Vague and ambiguous.

20   Calls for speculation.

21              Go ahead.

22        THE WITNESS:  How many times?  No, I do not

23   remember.

24   BY MR. FRADKIN:

25        Q.    Okay.  Do you remember if you even walked

**Kusar**  Keeping Your Word Is Our Business ℠

19

Gisele Ornelas
Monica Bee vs. Walmart, Inc.

1226412

```
1        MR. COLBERT:  If you remember the question that he
2    asked, you can go ahead and answer.
3        THE WITNESS:  Can you ask that again?
4    BY MR. FRADKIN:
5        Q.    Sure.  So besides what you saw in the video,
6    do you remember, as you sit here today, actually walking
7    through the area where the incident occurred twice on
8    January 24, 2020?
9        MR. COLBERT:  Objection.  Vague and ambiguous.
10   Asked and answered.
11            Counsel, the question is akin to asking
12   besides what you saw with your eyes, do you recall what
13   you saw?
14       MR. FRADKIN:  There's no speaking objections.
15   State your objections, and then we can go on.
16       MR. COLBERT:  Go ahead.
17       THE WITNESS:  Besides the video, no.
18   BY MR. FRADKIN:
19       Q.    Do you know if you -- withdraw the question.
20            According to your declaration at 10:56:28 you
21   walked over the area where the incident occurred and
22   inspected the floor.  Do you know if at any point before
23   10:56:28 on that day you had walked through that area?
24       MR. COLBERT:  Objection.  Vague and ambiguous.
25   Calls for speculation.
```

**Kusar**  Keeping Your Word Is Our Business ℠

21

Gisele Ornelas
Monica Bee vs. Walmart, Inc.

1226412

```
 1              Go ahead and answer if you recall.

 2         THE WITNESS:  If I walked before 10:56?

 3   BY MR. FRADKIN:

 4    Q.    Right.

 5    A.    Do I remember?

 6    Q.    Yes.  That's the question.

 7    A.    No.

 8    Q.    Okay.  At 10:56:28 where were you coming from

 9   and where were you going?

10         MR. COLBERT:  Objection.  Vague and ambiguous.

11         THE WITNESS:  I was coming from the back room.  I

12   was stocking on the sales floor, and I assume I went to

13   the back room.  But from that, I don't remember.

14   BY MR. FRADKIN:

15    Q.    So specifically when you saw yourself on the

16   video at 10:56:28, were you walking from the back room

17   somewhere or to the back room?

18    A.    I was walking from the back room.

19    Q.    All right.  And were you walking from the

20   back room to the hardware and seasonal department?

21    A.    Correct.

22    Q.    Okay.  Which portion of the store did this

23   incident occur?

24    A.    Down the action alley.

25    Q.    Is it -- you said action alley?
```

**Kusar** Keeping Your Word Is Our Business ℠

22

Gisele Ornelas
Monica Bee vs. Walmart, Inc.

1226412

```
1          A.     Correct.

2          Q.     Is the action alley part of the hardware and

3   seasonal department?

4          A.     Not necessarily, no.

5          Q.     Were you carrying anything as you were

6   walking from the back room to your department?

7          MR. COLBERT:  Objection.  Vague and ambiguous.

8   Calls for speculation.

9                 Go ahead.

10         THE WITNESS:  I was pulling a cart.

11  BY MR. FRADKIN:

12         Q.     Okay.  And then it says, according to your

13  declaration, about a minute later you walked through the

14  area where this incident occurred again; is that

15  correct?

16         A.     Correct.

17         Q.     And was that going back to the back room?

18         MR. COLBERT:  Objection.  Vague and ambiguous.

19  Calls for speculation.

20         THE WITNESS:  I went back to grab my cart, and I

21  assume I went to the back room from there.

22  BY MR. FRADKIN:

23         Q.     Okay.  I just want to make sure I have a

24  clear timeline.

25                The first time you walked through the area
```

**Kusar** Keeping Your Word Is Our Business ℠

23

```
1    time.

2           Go ahead.

3        THE WITNESS:  I'm sorry.  Can you rephrase -- can

4    you ask that again?

5    BY MR. FRADKIN:

6        Q.    Sure.  On January 24, 2020, when you walked

7    through the area where this incident occurred, you were

8    helping a customer in the action alley find the item

9    that he was looking for?

10       MR. COLBERT:  Objection.  Vague and ambiguous as to

11   time.

12           Go ahead and answer if you know.

13       THE WITNESS:  Correct.

14   BY MR. FRADKIN:

15       Q.    Do you recall if you retrieved the item that

16   the customer -- the customer was looking for and handed

17   it to him, or if you just directed him in the direction

18   and he went to get the item?

19       A.    I directed him.

20       Q.    Do you know when before 10:26:28 any other

21   WalMart employee had walked through the area where the

22   incident occurred?

23       MR. COLBERT:  Objection.  Vague and ambiguous.

24   Calls for speculation.

25           Go ahead and answer if you know.
```

Gisele Ornelas                                                                                        1226412
Monica Bee vs. Walmart, Inc.

Case 2:21-cv-08919-FWS-MAR   Document 81-1   Filed 04/21/23   Page 11 of 53   Page ID
#:1637

```
 1        THE WITNESS:  No.  I only know from the video I

 2   seen Tania.

 3   BY MR. FRADKIN:

 4        Q.    And -- and so in the video did you see Tania

 5   walk through the area before you did?

 6        MR. COLBERT:  Objection.  Vague and ambiguous.

 7             Go ahead and answer if you recall.

 8        THE WITNESS:  I don't recall.

 9   BY MR. FRADKIN:

10        Q.    When you walked over the area where the

11   incident occurred, were you pulling the cart?

12        MR. COLBERT:  Objection.  Vague and ambiguous as to

13   time.

14        THE WITNESS:  Yes.  That's also where I parked my

15   cart.

16   BY MR. FRADKIN:

17        Q.    Okay.  So when you walked through the area at

18   10:56:28 a.m. and 10:57:22 a.m., you had your cart with

19   you; is that correct?

20        MR. COLBERT:  Objection.  Misstates testimony.

21   Vague and ambiguous.

22             Go ahead and answer if you know what he is

23   asking you exactly.

24        MR. FRADKIN:  Don't coach the witness in prior

25   deposition.
```

**Kusar** *Keeping Your Word Is Our Business ℠*

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

  Melissa H. Kunig                           N/A
Deputy Clerk                                  Court Reporter

Attorneys Present for Plaintiff:            Attorneys Present for Defendants:

Not Present                                 Not Present

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [34]**

      Before the court is Defendant Walmart Inc's ("Defendant") Motion for Summary Judgment ("Motion" or "Mot."). (Dkt. 34.) Defendant's Motion is supported by the declarations of Defendant's counsel Michael F. Colbert ("Colbert Decl."), Walmart employee Gisele Ornelas ("Ornelas Decl."), Walmart store manager Luz Alvarez ("Alvarez Decl.") and exhibits attached therein. (*Id.*) On January 12, 2023, Plaintiff Monica Bee ("Plaintiff") opposed the Motion ("Opposition" or "Opp."). (Dkt. 38.)[1] Plaintiff's Opposition is supported by the declaration of Plaintiff's counsel Igor Fradkin ("Fradkin Decl."), the declaration of Plaintiff's expert Eris J. Barillas ("Barillas Decl."), the declaration of Plaintiff's expert Alex Balian ("Balian Decl.") and exhibits attached therein. (Dkt. 38.) On the same day, Plaintiff also filed Evidentiary Objections (Dkt. 39), a Separate Statement of Material Facts in Dispute (Dkt. 40), and a Response to Defendant's Separate Statement (Dkt. 41). On January 26, 2023, Defendant filed a Reply ("Reply"), Evidentiary Objections, and a supplemental declaration of counsel ("Supp. Colbert Decl."). (Dkt. 44.)

---

[1] The court previously accepted Plaintiff's untimely Opposition and permitted Defendant to file a revised Reply. (Dkt. 43.) All references to the Reply refer to Defendant's revised filing at Docket No. 44.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-08919-FWS-MAR        Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

On February 2, 2023, the court held a hearing on the matter and then took the matter under submission. (Dkt. 46.) Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

## I.     Evidentiary Objections

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see also In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010) ("A district court's ruling on a motion for summary judgment may only be based on admissible evidence."). In the context of a summary judgment, a district court "must also rule on evidentiary objections that are material to its ruling." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010). "A court can award summary judgment only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); *accord Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021). Additionally, "when evidence is not presented in an admissible form in the context of a motion for summary judgment, but it may be presented in an admissible form at trial, a court may still consider that evidence." *Burch*, 433 F. Supp. 2d at 1120; *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

"'[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion, are all duplicative of the summary judgment standard itself' and unnecessary to consider here." *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (alteration omitted) (quoting *Burch*, 433 F. Supp. 2d at 1119) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Sandoval*, 985 F.3d at 665. "Similarly, the [c]ourt will not consider the parties' objections to the characterization of or purported misstatement of the evidence represented." *Holt*, 370 F. Supp. 3d at 1164 (citing *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1126 n.1 (E.D. Cal. 2008)). "Moreover, Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

because there is no jury that can be misled and no danger of confusing the issues." *Id.* (citing *Montoya v. Orange Cnty. Sheriff's Dep't*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013)).

"At the summary judgment stage," the court "do[es] not focus on the admissibility of the evidence's form" but "instead focus[es] on the admissibility of its contents." *Fraser*, 342 F.3d at 1036 (citations omitted). Accordingly, except in the rare instances in which the objecting party demonstrates with specificity that the subject evidence could not be produced in a proper format at trial, the court does not consider any objections on the grounds that the evidence "constitutes hearsay or inadmissible lay opinion, or that there is a lack [of] personal knowledge." *Holt*, 379 F. Supp. 3d at 1164 (citing *Burch*, 433 F. Supp. 2d at 1122); *see also Sandoval*, 985 F.3d at 665-67; *id.* at 667 (objections for foundation "provide[] no basis for excluding the evidence" where objecting party does not provide counterparty with "notice of the specific ground of objection and, consequently, what could be done to cure any defects"). Relatedly, objections based on a failure to comply with the technicalities of authentication requirements or the best evidence rule are inappropriate. *See Adams v. Kraft*, 828 F. Supp. 2d 1090, 1108 n.5 (N.D. Cal. Oct. 25, 2011) ("On summary judgment, unauthenticated documents may be considered where it is apparent that they are capable of being reduced to admissible evidence at trial."); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (holding that court was not precluded from considering declaration in awarding summary judgment even if declaration violated best evidence rule if the underlying facts would be admissible as evidence).

Plaintiff objects to portions of the Ornelas Declaration, Colbert Declaration, and Alvarez Declaration on various grounds, including that the declarations are not based on personal knowledge, lack authentication, and are irrelevant without citing to any applicable rules of evidence. (*See generally* Dkt. 39.) The court finds that these objections are not sufficiently specific and are not cognizable evidentiary objections that can be ruled upon. *See Holt*, 379 F. Supp. 3d at 1164; *Sandoval*, 985 F.3d at 665-67; *Adams*, 828 F. Supp. 2d at 1008 n.5.

---

**CIVIL MINUTES – GENERAL**                                                              **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

Moreover, the court finds the evidence "may be presented in an admissible form at trial." *See Burch*, 433 F. Supp. 2d at 1120.

Defendant objects to the expert reports contained in the Barillas Declaration and Balian Declaration on the grounds that the reports were provided on January 20, 2023, and thus were not disclosed in a timely manner. (Supp. Colbert Decl. ¶ 5; Reply at 4-5.) The court's Scheduling Order required initial expert disclosures to be made on or before January 5, 2023, and rebuttal expert disclosures to be made on or before January 19, 2023. (Dkt. 32.) Plaintiff does not sufficiently explain why the reports were untimely. (*See generally* Dkt.)

Because the expert reports were untimely disclosed and Plaintiff does not argue their nondisclosure was substantially justified or harmless, the court does not consider the Barillas Declaration and Balian Declaration in deciding the Motion. *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them"); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (stating "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)"). Therefore, based on the state of the record, as applied to the applicable law, the court **SUSTAINS** Defendant's evidentiary objections to the Barillas Declaration and Balian Declaration. However, even if the Barillas Declaration and Balian Declaration had been timely, the court finds that the opinions contained in the reports do not create a genuine issue of material fact as to Defendant's actual or constructive notice of the spill.

## II.    Summary of Undisputed Facts

On January 24, 2020, Plaintiff was shopping at a Walmart store located at 2100 N. Long Beach Boulevard, Compton, California. (Dkt. 34 ("D. SUF") No. 1.) Plaintiff slipped and fell on a liquid substance on the store's floor at 11:03:09 a.m. (D. SUF No. 2.) The store's video

**CIVIL MINUTES – GENERAL**                                                   **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

system captured video footage of the incident.  (D. SUF No. 3.)  On January 24, 2020, a
Walmart employee, Gisele Ornelas, inspected the area of the incident at 10:56:28 a.m. and
10:57:22 a.m.  (D. SUF Nos. 4, 6.)  Gisele Ornelas found no liquid spill in the area of the
incident at either time.  (D. SUF Nos. 5, 7.)  Plaintiff slipped and fell in that area at 11:03:09
a.m.  (D. SUF No. 8.)  Plaintiff testified at her deposition that after the fall, a Walmart employee
stated to her, "I'm sorry" and "We should have cleaned it up."  (Dkt. 40 ("P. SUF") No. 2.)

Between the time of Gisele Ornelas's inspection at 10:57:22 a.m. and Plaintiff's fall at
11:03:09 a.m., five minutes and forty-seven seconds elapsed.  (D. SUF No. 9.)  During the five
minutes between Gisele Ornelas's last inspection and Plaintiff's fall, several customers, but no
Walmart employees, walked through the subject area.  (D. SUF Nos. 10, 11.)  Plaintiff did not
see the spill on the floor prior to her fall and does not know who created the spill or how long
the substance was on the floor.  (D. SUF Nos. 13, 14.)  Walmart employees are trained to
continually look at the floors for spills, debris, and other hazardous conditions, and to address
them.  (D. SUF No. 15.)  Walmart policy requires that an employee who observes a spill,
debris, or other dangerous condition on the floor must clean it immediately or remain in the area
to warn others until it can be cleaned.  (D. SUF No. 16.)

**III.    Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.
R. Civ. P. 56(a).  An issue of fact is "genuine" only if there is sufficient evidence for a
reasonable fact finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the case, and the
"substantive law [] identif[ies] which facts are material."  *Id.*  "Only disputes over facts that
might affect the outcome of the suit under the governing law will properly preclude the entry of
summary judgment."  *Id.*

The moving party bears the initial burden of identifying the elements of the claim or
defense on which summary judgment is sought and evidence that it believes demonstrates the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party will have the burden of proof at trial, the movant can satisfy its initial burden by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id.* at 325; *see also Horphag Rsch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) ("The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact.").

The non-moving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted); *see also Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (In opposing summary judgment, "the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial'"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th Cir. 1990) ("The non-moving party may not oppose summary judgment by allegations but must show specific trial-worthy facts."). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court must draw all reasonable inferences in the non-moving party's favor. *In re Oracle Corp.*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 255).

Nevertheless, "inferences are not drawn out of thin air, but from evidence." *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1247 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). "[S]ummary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

**CIVIL MINUTES – GENERAL**                                    **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

there be no genuine issue of material fact." *Id.* at 247-48; *see also United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978) ("A summary judgment cannot be granted if a genuine issue as to any material fact exists.").

In *In re Oracle Corp.*, the Ninth Circuit described the burdens of proof in the summary judgment process:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor.

627 F.3d at 387 (citations omitted).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990) (citation omitted). "Where no such showing is made, the moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* (cleaned up).

---

**CIVIL MINUTES – GENERAL**                                                    **7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

### IV.   Discussion

Plaintiff asserts claims for negligence and premises liability based on the January 24, 2020, incident.  (Dkt. 1-1.)  Under California law[2], "[t]he elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury."  *Kesner v. Superior Ct*., 1 Cal. 5th 1132, 1158 (2016) (citations omitted); *Cole v. CVS Pharmacy, Inc*., 2022 WL 2791354, at *5 (C.D. Cal. July 15, 2022) ("The elements of a negligence claim and premises liability claim are the same.") (quoting *Lemberg v. JP Morgan Chase Bank, N.A*., 2018 WL 1046886, at *2 (N.D. Cal. Feb. 26, 2018)); *see also* CACI 1000 (stating the elements of a claim for premises liability are: (1) defendant owned, leased, occupied, and/or controlled the property; (2) defendant was negligent in the use or maintenance of the property; (3) causation; (4) damages).  The plaintiff bears the burden of proof as to each element.  *Ortega v. Kmart Corp*., 26 Cal. 4th 1200, 1205 (2001).

In this case, Defendant moves for summary judgment as to the element of breach, arguing that Plaintiff has not presented any evidence that Defendant had actual or constructive notice of the spill.  (*See* Mot. at 5-10; Reply at 1-9.)  The court discusses the element of breach below.

### A.   Breach: Constructive or Actual Notice of the Hazard

To sustain a claim for premises liability against a store owner under California law, it is the plaintiff's burden to show the "owner must have actual or constructive notice of the dangerous condition before incurring liability."  *Ortega*, 26 Cal. 4th at 1203.  "It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe," *id*., 26 Cal. 4th at 1205, including "a duty to keep the floors safe for patrons' use,"

---

[2] "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."  *See, e.g.*, *Snead v. Metro. Prop. & Cas. Ins. Co*., 237 F.3d 1080, 1090 (9th Cir. 2001) (citations and internal quotation marks omitted); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

---

*Peralta v. Vons Co., Inc.*, 24 Cal. App. 5th 1030, 1035 (2018). "A store owner exercises ordinary care by making reasonable inspections of the portions of the premises open to customers, and the care required is commensurate with the risks involved." *Ortega*, 26 Cal. 4th at 1205.

To that end, "[e]vidence of a store owner's 'failure to inspect the premises within a reasonable period of time prior to the accident is indicative of defendant's negligence and creates a reasonable inference that the dangerous condition existed long enough for it to be discovered by the owner." *Peralta*, 24 Cal. App. 5th at 1036-37 (quoting *Ortega*, 26 Cal. 4th at 1211); *Moore v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 472, 477 (2003) (stating the plaintiff can demonstrate constructive notice "by showing that the site had not been inspected within a reasonable period of time") (citing *Ortega*, 26 Cal. 4th at 1212).

"[W]here the plaintiff relies on the failure to correct a dangerous condition to prove the owner's negligence, the plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it." *Ortega*, 26 Cal. 4th at 1206. "[P]laintiffs may demonstrate the storekeeper had constructive notice of the dangerous condition if they can show that the site had not been inspected within a reasonable period of time so that a person exercising due care would have discovered and corrected the hazard." *Id*. at 1212. "In other words, if the plaintiffs can show an inspection was not made within a particular period of time prior to an accident, they may raise an inference the condition did exist long enough for the owner to have discovered it." *Id*. at 1212-13; *see also Moore*, 111 Cal. App. 4th at 476 ("[T]he plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it.").

"As a general proposition, California courts apply a 30-minute threshold for submitting questions of actual notice to a jury - i.e., if there is undisputed evidence that an active inspection of the relevant area occurred less than 30 minutes before the accident, summary judgment in favor of the store owner is appropriate; if not, the question should be resolved by a jury." *Cardoza v. Target Corp.*, 2018 WL 3357489, at *3 (C.D. Cal. June 22, 2018), *aff'd*, 765 F. App'x 360 (9th Cir. 2019); *see also Alacan v. Target Corp.*, 2015 WL 10945603, at *3 (C.D.

---

**CIVIL MINUTES – GENERAL**                                         **9**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

---

Cal. June 26, 2015) ("[T]he Court finds as a matter of law that [plaintiff's] negligence premises liability action fails because a store owner's inspection within 7 minutes of the fall does not constitute a breach of the duty of care"); *Eidem v. Target Corp.*, 2011 WL 3756144, at *9 (C.D. Cal. Aug. 24, 2011) (finding the defendant's "practice of inspecting its floors every 15 minutes does not breach its duty of care towards patrons"); *Calderon v. Target Corp.*, 2013 WL 4401430, at *2 (S.D. Cal. Aug. 15, 2013) (granting summary judgment where defendant's employee had "walked through the mini-seasonal area within 30 minutes of the incident, and she did not notice, see, or identify any broken or defective stool").

In this case, the undisputed facts establish that at the time of the incident, Plaintiff was inside a Walmart store located in Compton, California. (D. SUF No. 2.) The store's video system captured video footage of the incident. (D. SUF No. 3.) Prior to the fall, Walmart employee Gisele Ornelas inspected the area of the incident twice, at 10:56:28 a.m. and 10:57:22 a.m. (D. SUF Nos. 4, 6.) Gisele Ornelas did not find any substances or spills on the floor. (D. SUF Nos. 5, 7.) Plaintiff fell in that area at 11:03:09 a.m., or five minutes and 47 seconds later. (D. SUF Nos. 8, 9.) Multiple customers, but no Walmart employees, walked through the subject area between Gisele Ornelas's last inspection and Plaintiff's fall. (D. SUF Nos. 10, 11.)

Defendant argues it is entitled to summary judgment because there is no evidence that Defendant had actual or constructive notice of the spill. (*See* Mot. at 5-10; Reply at 1-9.) As for actual notice, Defendant points to the lack of evidence showing that Defendant either caused the spill or knew about the spill beforehand. (D. SUF Nos. 13, 14.) As for constructive notice, Defendant points to video footage showing that only five minutes and 47 seconds elapsed between the time of Gisele Ornelas's last inspection and Plaintiff's fall to argue that this time frame was too brief to put Defendant on constructive notice. (Mot. at 7-10; Reply at 7-9.)

The court agrees that Defendant has met its initial burden of demonstrating that Plaintiff has not set forth sufficient evidence demonstrating actual or constructive notice. *See In re Oracle Corp.*, 627 F.3d at 387. The court finds the record does not reflect any evidence of actual notice—in other words, that Defendant knew of the spill. (*See, e.g.*, D. SUF Nos. 10, 11,

---

**CIVIL MINUTES – GENERAL**

**10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

13, 14.) The court further finds the record reflects that only five minutes and 47 seconds elapsed between Gisele Ornelas's inspection and the incident. (*See, e.g.*, D. SUF No. 9.) As a matter of law, an approximately five-minute window of time between an inspection and a fall does not constitute a breach of the duty of care. *See, e.g., Cardoza*, 2018 WL 3357489, at *3; *Alacan*, 2015 WL 10945603, at *3; *Eidem*, 2011 WL 3756144, at *9; *Calderon*, 2013 WL 4401430, at *2. Because Defendant has met its burden of demonstrating a lack of evidence as to actual or constructive notice, the burden shifts to Plaintiff to designate "specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

Plaintiff argues, in summary, that summary judgment should not be granted because she believes Walmart employees caused the spill, Walmart's choice of flooring tile contributed to her fall, and employees did not follow internal procedures. (Opp. at 6.) Plaintiff contends Defendant's evidence is "demonstrably false," but does not provide evidence that sufficiently rebuts or undermines Defendant's evidence. (*Id.*) Plaintiff also points to her deposition testimony in which she testified that after her fall, a Walmart employee said, "I'm sorry" and "We should have cleaned it up." (P. SUF No. 2.) Plaintiff argues this statement implies that "one, if not more, employees had spotted the substance and did not follow procedure." (Opp. at 20.)

The court finds Plaintiff has not met her shifted burden to demonstrate a genuine issue of material fact as to whether Defendant had actual or constructive notice of the alleged hazardous condition. The evidence cited to by Plaintiff—namely, her deposition testimony—does not lead to the reasonable inference that Defendant admitted to knowledge of the spill. The court observes that in Plaintiff's deposition, Plaintiff herself describes this inference as speculation. (*See* Supp. Colbert Decl. ¶ 2, Exh. 6 at 93:2-5) ("Q: So you're speculating that when she said, 'We should have cleaned it up,' that she actually knew about it before your incident? A: Yes."). The court finds that Plaintiff's speculative testimony regarding Defendant's actual or constructive notice does not defeat summary judgment here. *See Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 345 (9th Cir. 1995) ("[C]onclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.").

**CIVIL MINUTES – GENERAL**

**11**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR         Date: April 7, 2023

Title: Monica Bee v. Walmart Inc. *et al.*

---

Accordingly, the court finds that summary judgment for Defendant on Plaintiff's negligence and premises liability claims is proper because Plaintiff has not met her shifted burden of setting forth evidence showing a genuine issue of material fact regarding actual or constructive notice. *See Lujan*, 497 U.S. at 884. Therefore, the court **GRANTS** the Motion.

**V.      Disposition**

For the reasons stated above, the court **GRANTS** the Motion. Defendant is **ORDERED** to lodge a proposed judgment within **seven (7)** days of entry of this Order.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

---

**CIVIL MINUTES – GENERAL**

12

EXHIBIT "C"

1  Andrew O. Smith, Esq., SBN 217538
   Michael F. Colbert, Esq., SBN 319539
2  **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
   5901 W. Century Blvd., Suite 1100
3  Los Angeles, CA 90045
   Telephone: (310) 649-5772
4  Facsimile: (310) 649-5777
   E-mail: aosmith@pettitkohn.com
5          mcolbert@pettitkohn.com

6  Attorneys for Defendant
   **WALMART INC.**

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11 MONICA BEE, an individual.          **CASE NO: 2:21-cv-08919 FWS(MARx)**

12              Plaintiff,             **DEFENDANT WALMART INC.'S
                                       NOTICE OF MOTION FOR**
13 v.                                  **SUMMARY JUDGMENT, OR IN
                                       THE ALTERNATIVE, SUMMARY**
14 WALMART INC., a Delaware            **ADJUDICATION**
   Corporation; AARON, an individual;
15 and DOES 1-25, inclusive,          Date:      February 2, 2023
                                      Time:      10:00 a.m.
16              Defendants.
                                      Courtroom:      10D
17                                    District Judge:  Hon. Fred W.
                                      Slaughter
18                                    Magistrate Judge: Hon. Margo A.
                                      Rocconi
19                                    Complaint Filed: June 23, 2021
                                      Trial Date:     May 2, 2023
20

21     TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

22     PLEASE TAKE NOTICE that Defendant WALMART INC. ("Defendant" or

23 "Walmart"), will, and hereby does, move for summary judgment or, in the

24 alternative, summary adjudication, in its favor and against Plaintiff MONICA BEE

25 ("Plaintiff") and for costs of suit incurred herein and such other relief as may be

26 just.

27 ///

28 ///

2354-9445

                                      1

1    These alternative motions are being made following the conference of

2    counsel pursuant to Local Rule 7-3, which took place on August 19, 2022.  See

3    Declaration of Michael F. Colbert In Support of Walmart's Motion for Summary

4    Judgment or in the Alternative, Summary Adjudication "Colbert Decl." at ¶ 11.

5    These alternative motions will be made on the grounds that no triable issue of

6    material fact exists and that Plaintiff's causes of action have no merit and fail as a

7    matter of law for the following reasons:

8    ISSUE 1:  Plaintiff cannot prove actual or constructive notice of the alleged

9    hazardous condition that caused her fall because the Defendant conducted

10   reasonable inspections of the area and did not have actual notice of the

11   condition prior to her fall.

12   These alternative motions will be made and based upon this Notice of Motion

13   and Motion, the accompanying Memorandum of Points and Authorities, the

14   Separate Statement of Undisputed Facts and Conclusions of Law, the Notice of

15   Lodgment of Evidence, which includes the Declaration of Michael F. Colbert, Esq.,

16   Declaration of Giselle Ornelas, and Declaration of Luz Alvarez, as well as the

17   pleadings, records, and files herein, such matters of which the court may take

18   judicial notice, and any evidence or argument presented at the hearing on this

19   motion.

20   **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

21

22   Dated: December 22, 2022___   By:   s/ Michael F. Colbert _____

23                                        Andrew O. Smith, Esq.
                                         Michael F. Colbert, Esq.
24                                       Attorneys for Defendant
                                         **WALMART INC.**
25                                       aosmith@pettitkohn.com
                                         mcolbert@pettitkohn.com
26

27

28

2354-9445

                                    2
                              WALMART INC.'S NOTICE OF MOTION FOR MSJ/MSA
                              CASE NO. 2:21-CV-08919 **FWS** (MARX)

# EXHIBIT "D"

1  | **IGOR FRADKIN, ESQ.- State Bar No. 299491**
2  | **DANIEL AZIZI, ESQ. - State Bar No. 268995**
   | **DOWNTOWN L.A. LAW GROUP**
3  | 601 N. Vermont Ave.
   | Los Angeles, CA 90004
4  | Tel: (213)389-3765 -
5  | Fax: (877)389-2775
   | Email: Igor@downtownlalaw.com
6  |
7  |
   | Attorneys for Plaintiff
8  | MONICA BEE
9  |

10 |                    **UNITED STATES DISTRICT COURT**
11 |                    **CENTRAL DISTRICT OF CALIFORNIA**
12 |

| MONICA BEE, an individual, | Case No. 2:21-cv-08919 RGK(MARx) |
|---|---|
| Plaintiff, | **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| WALMART, INC., a Delaware corporation; AARON, an individual; and DOES 1-25, inclusive, | Date: February 2, 2023 |
| | Time: 10:00 am |
| | Judge: Hon. Margo A. Rocconi |
| Defendants. | Courtroom: 10D |

**1**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

1

**TABLE OF CONTENTS**

2

3

MEMORANDUM OF POINTS & AUTHORITIES ........................................................ 6

I.      INTRODUCTION ............................................................................................. 6

II.     SUMMARY JUDGMENT STANDARD ........................................................... 6

III.    MATERIAL FACTS IN DISPUTE ................................................................... 7

      A.    Plaintiff's Experts Establish Material Disputes of Fact ............................ 7

            1.  Expert Eris Barillas, CPSI, CXLT ............................................ 7

            2. Expert Alex J. Balian, MBA .................................................... 12

      B.    Defendant's Supporting Evidence is in Dispute ...................................... 14

            1. Plaintiff's Concurrently Filed Objections to Evidence ........................ 14

            2. Giselle Ornelas Likely Caused of Contributed to the

            Floor Condition ......................................................................................... 14

      C.    Defendants' Moving Papers Fail to State Facts that Shifts the Burden ..... 16

      D.    Whether a Floor is Properly Maintained is a Question of

            Fact for the Jury ...................................................................................... 17

      E.    Notice is Not Required Because Defendant, It's Employees and/or Agents

            Created or Contributed to the Creation of the Dangerous Condition ........ 18

      F.    Defendant had Constructive and/or Actual Knowledge of the Condition

            Prior to Plaintiff's Fall ........................................................................... 19

      G.    Circumstantial Evidence is Admissible to Prove Negligence and

            Reasonable Inferences are Permissible .................................................... 20

      H.    Constructive Notice is a Question of Fact for the Jury ............................. 21

      I.    Plaintiff May Prove Negligence Using Expert Witness Opinions ............. 22

IV.    CONCLUSION ............................................................................................... 22

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

1

## TABLE OF AUTHORITIES

2

*Cases*

3

<u>Federal</u>

4

5   *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ............................................ 7

6   *Amon v. Cort Furniture Rental*, 85 F.3d 1074 (3d Cir. 1996) .......................... 7

7   *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986) ...................................... 7

8   *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................ 7

9   *Judicial Watch, Inc. v. Consumer Financial Protection Bureau,*

10          985 F. Supp. 2d 1 (D.D.C. 2013) ............................................................... 6

11  *Mayfield v. Tex. Dep't of Criminal Justice,* 529 F.3d 599 (5th Cir.2008) ....... 14

12  *Ripple v. Marble Falls Independent School District, 99* F.Supp.3d 662 (2015) ............ 14

    *Tolan v. Cotter*, 134 S.Ct. 1861 (2014) ............................................................ 7

13  *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368 (5th Cir.1987) ................... 14

14  *Young v. Key Pharm., Inc.*, 112 Wn.2d 216 (1989) .......................................... 6

15

<u>State</u>

16

    *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826 .................................. 16

17  *Ahern v. S.H. Kress & Co.* (1950) 97 Cal.App.2d 691 ...................................... 18

18  *Arundell v. American Oil Fields Co.* (1916) 31 Cal.App. 218 ......................... 21

19  *Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798 ............................................ 18, 20

20  *Helfer v. Hubert* (1962) 208 Cal.App.2d 22 .................................................. 22

21  *Jones v. Leonardt* (1909) 10 Cal.App. 284 ...................................................... 21

22  *Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472 ........................ 22

23  *Ortega v. Kmart Corp.* (2001) 26 Cal. 4th 1200 ................................ 18, 19, 21

24  *Quintal v. Laurel Grove Hospital* (1964) 62 Cal.2d 154 ................................ 21

25  *Rothschild v. Fourth & Market Street Realty Co.* (1934) 139 Cal.App. 625 ................. 18

26  *Tell v. Taylor* (1961) 191 Cal.App.2d 266 ...................................................... 22

27  *Tuttle v. Crawford* (1936) 8 Cal.2d 126 ............................................ 18, 19, 20

28

*Statutes*

3

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

**Federal**

Federal Rule of Evidence 602 ......................................................................... 14

**State**

Code Civ. Proc., § 437c................................................................................... 16

Code Civ. Proc., § 1832 ................................................................................. 21

4

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

1    **[INTENTIONALLY LEFT BLANK]**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**5**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    INTRODUCTION

Defendant WALMART, INC.  ("WALMART") fails to meet the burdens imposed upon it by summary judgment law. There is a failure to establish by the proper standards that material facts are not in dispute making summary judgment appropriate. To the contrary, as set forth more fully below the facts in this case are in dispute such as (1) whether Walmart employees caused the condition; (2) whether or not defendant's flooring choice caused or contributed to the incident; (3) whether or not defendant's employees failed to follow internal procedures include to always keep a look out for spills, among other things.

Defendant's interpretation of the deposition testimony and evidence is inaccurate and Defendant's supporting declarations are conclusory and demonstrably false.  The video surveillance evidence is not properly supported and therefore lacks foundation and authentication such that it cannot be admitted as evidence in support of the motion

As such, summary judgment is not appropriate in this case and the Court must deny defendant Walmart's motion.

### II.  SUMMARY JUDGMENT STANDARD

Summary judgment short-circuits the fact-finding function of the federal courts. It is only "granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In determining whether a genuine issue of fact exists, the court must view all facts in the light most favorable to the non-moving party." (*Judicial Watch, Inc. v. Consumer Financial Protection Bureau*, 985 F. Supp. 2d 1, 6 (D.D.C. 2013) (citations omitted).)

"In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact." (*Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225 (1989).) Only if this initial burden is met does the burden shift to the opposing party to show that there exists a dispute of fact such that a trial is required to resolve the dispute. If the moving party meets its initial burden, then the Court, in evaluating the

6

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

1  motion and response, must view "the evidence and all reasonable inferences therefrom …

2  in the light most favorable to the nonmoving party. (*Id.* at 226.)

3    The party seeking summary judgment bears the burden of establishing that no

4  genuine issue of material fact exists, and the undisputed facts establish the movant's right

5  to judgment as a matter of law. (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).)

6  This burden remains with the moving party "regardless of which party would have the

7  burden of persuasion at trial." (*Amon v. Cort Furniture Rental*, 85 F.3d 1074, 1080 (3d

8  Cir. 1996).) The duty of the court is not to weigh the evidence and determine the truth of

9  the matter but to determine whether there are issues to be tried. (*Anderson v. Liberty

10  Lobby, Inc.* 477 U.S. 242, 249 (1986).) In making that determination, the court is to draw

11  all inferences in favor of the party against whom summary judgment is sought, viewing

12  the factual assertions in materials such as affidavits, exhibits and depositions in the light

13  most favorable to the party opposing the motion. (*Anderson v. Liberty Lobby, Inc.* 477

14  U.S. at 255.) "[T]he evidence of the non-movant is to be believed, and all justifiable

15  inferences are to be drawn in his favor." (*Tolan v. Cotter*, 134 S.Ct. 1861, 1863 (2014).)

16  "'if…there is any evidence in the record from any source from which a reasonable

17  inference in the [nonmoving party's] favor may be drawn, the moving party simply

18  cannot obtain summary judgment…'". (*Amon v. Cort Furniture Rental*, 85 F.3d at 1081,

19  quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, at 330, n.2 (1986).)

20    "[A]t the summary judgment stage the judge's function is not himself to weigh

21  the evidence and determine the truth of the matter but to determine whether there is a

22  genuine issue for trial." (*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249; Fed R.

23  Civ. Proc. 56(c).)

### III.  MATERIAL FACTS IN DISPUTE

24  **A.**  **Plaintiff's Experts Establish Material Disputes of Fact**

25  *1. Expert Eris Barillas, CPSI, CXLT*

26    Plaintiff Monica Bee ("Plaintiff") retained Eris Barillas, CPSI, CXLT as a safety

27  and liability expert to render opinions surrounding the slip and fall incident that occurred

28

---

7

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

1  on January 24, 2020, at a Walmart store located at 2100 N. Long Beach Blvd., Compton,

2  CA 90221.  (DMF #18).  Ms. Barillas formed expert opinions based upon her educational

3  background, professional training, and experience and review of various codes and

4  standards, as well as documents supplied to her related to this matter, the moving papers,

5  and a site inspection she performed on January 3, 2023.  All of Ms. Barillas opinion were

6  based on records, data, studies, and/or publications reasonably relied upon by experts in

7  her field.  (DMF #19).

8      Ms. Barillas understood the subject incident occurred at approximately 11:03 am

9  on January 24, 2020: (1) Plaintiff was walking and slipped on an unknown liquid, causing

10  a fall; (2) Plaintiff did not see the wet substance prior to the fall (Statement of

11  Uncontroverted Facts). The Defendant-provided video surveillance footage shows: (1) A

12  Walmart employee, Gisele Ornelas (Ornelas), traversed the subject incident area 53

13  minutes and 27 seconds into the CCTV footage; (2) Ornelas bent over appearing to look

14  at and/or wipe the floor in the subject area; and (3) that no customer or employee

15  traversed the subject area from the time Ornelas looked at the floor prior to the time that

16  Plaintiff's fall occurs. (DMF #20).

17      During Aperture's site inspection, Ms. Barillas conducted a slip test using the

18  English XL Variable Incidence Tribometer (CXLT) to measure and interpret the slip

19  resistance of the subject floor area's walking surface. She certified, calibrated, and

20  validated the English XL VIT used in the testing to ASTM F2508 specifications and

21  manufacturer recommended practices. Section E12.2 of ANSI A1264.2-2012 standard

22  states that a floor surface with a slip resistance of 0.50 or above under expected

23  environmental conditions is sufficiently slip-resistant and safe. This minimum slip

24  resistance value ensures that most people have adequate traction. The slip test rendered

25  the vinyl tile flooring to be slippery under wet conditions. The subject floor slip test with

26  the CXLT measured at .20 when wet falling well below the standard. The subject floor is

27  highly hazardous due to how slippery the floor is under wet conditions. (DMF #21).

28

**8**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Ms. Barillas obtained stills taken from Defendant provided CCTV footage. Figure 1 depicted Ornelas bent over checking the floor and/or a cart that was left in the subject area approximately 6 minutes and 40 seconds prior to Plaintiff's fall. Figure 2 depicted the Plaintiff prior to traversing left and moving in between the merchandise stands which is the subject incident area. The red arrow in Figure 2 depicts the subject incident area located between two merchandise racks. (DMF #22).

Ms. Barillas opined from a human factors standpoint, a liquid/substance on the subject smooth tile floor surface would have been relatively difficult for a customer to perceive on the incident date. Figure 1 and Figure 2 show that a customer could not easily notice clear liquids on the floor because the fluid would not provide an obvious visual contrast from the shiny tile flooring. A retail establishment like Defendant intentionally directs a customer's attention away from the floor and towards merchandise displays and advertisements. Recognized, reliable industry standards indicate that "People looking straight ahead may not look down as the surface 10 ft (3.05 m) or less in front of them unless they expect a hazard in their path. (DMF #23). Ms. Barillas further stated Figures 1 and 2 show that the large action aisle was filled with a variety of displays and merchandise at the time of Plaintiff's incident. It is foreseeable that customers would not look at the ground while traversing the subject incident area because they are focusing on looking at nearby displays and merchandise. Plaintiff acted in a reasonable manner notwithstanding her failure to identify the subject floor's slipping hazard. Defendant's failure to maintain the subject incident area in a reasonably safe manner for customers therefore created a hazardous condition for Plaintiff on the incident date. (DMF #24).

In Ms. Barillas' opinion, Defendant knew or should have known about the subject floor surface's hazardous condition prior to Plaintiff's incident. Alex Balian's nationally recognized premise safety principles article ("Safety Article") states that the three foundational principles for an effective property maintenance program are "1) accountability in the maintenance procedure, 2) frequency or interval of cleaning or inspection and 3) consistent verification." (Exhibit 'D') The Safety Article also states that

9

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1     "When 'everyone is responsible' or 'it's everyone's job to clean' [,] the reality is that the
2     task will not be done on a regular and consistent basis because it will not hold any
3     particular person or persons accountable." (DMF #25).

4         Walmart associates are trained to continually look at the floor around them for
5     spills, debris, or other dangerous conditions and to immediately take steps to remedy any
6     hazards (UMF 15). If an associate observes a spill, debris, or other dangerous condition
7     on the floor, the associate must clean the area immediately or guard it until it can be
8     cleaned (UMF 16). There does not appear to be a set schedule assigned for employees to
9     walk through a department and look for spills or hazards. As team members are working,
10     they are expected to continuously inspect the floors. The CCTV footage shows that no
11     actual inspection occurs in the area for at least the hour leading up to the incident. No
12     Walmart associate is viewed pushing a dry mop to clear/check for spills, debris, or any
13     potential hazards. The hazard of slip and falls is well known in the retail industry; and
14     had Defendant strictly followed the nationally recognized safety principles above, then
15     the incident would be much less likely to occur.  (DMF #26).

16         It is Ms. Barillas opinion, based on industry accepted materials, that the approach
17     to inspection where 'everyone is responsible' or 'it's everyone's job to clean' does not
18     work because no specific person or persons can be held accountable, therefore leaving a
19     margin for error, and creating an environment where floor inspections are not prioritized.
20     This method encourages less emphasis on checking floors and allows spills to go
21     unnoticed until a pedestrian slips and falls. The best practice is to conduct a proper floor
22     inspection which includes pushing a dry mop every 30 to 60 minutes minimal to pick up
23     hazards that are not readily visible. Defendant has no procedures in place for employees
24     to walk the store and look for hazards in certain time intervals. It is well known that slip
25     and falls are a common occurrence in the retail industry. Defendant's lack of floor
26     inspection policies is subpar to industry safety standards and contributed to the hazardous
27     condition. (DMF #27).

28

10

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Ms. Barillas noted that even though the CCTV footage shows a proper floor inspection was not conducted, Defendant proclaims that an inspection was completed by Ornelas and the floor was free of any spills. The CCTV footage shows that no pedestrian nor employee walked through the subject area from the time Ornelas conducted what Defendant calls an inspection and the time of Plaintiff's fall. It is highly likely that Ornelas failed to notice the substance on the floor because she did not push a dry mop through that area therefore, the liquid was left in place due to not conducting a proper inspection with a dry mop which would have cleaned liquids that are not readily visible. Defendant's lack of proper inspection policies contributed to the hazardous condition. (DMF #28).

Plaintiff's expert also stated that another potential course of action is that the liquid was spotted, and therefore Defendant did have notice. Ornelas is viewed bending down and looking at or near ground level at the subject location depicted in Figure 1. At 53:15 in the CCTV footage, Ornelas is depicted pulling a cart with merchandise in a brown box. Ornelas leaves the cart directly at the subject incident area, walks to the left across the action aisle, and returns directly to the cart 12 seconds later. At this time is when Ornelas is viewed bending over at subject incident area by the cart. It is unclear what Ornelas spotted or if Ornelas made a brief attempt to clean something. Ornelas leaves after bending over and then returns to the area approximately 1 minute later and moves the cart from the incident area. (DMF #29).

Plaintiff's expert opined it was possible that the liquid came from the cart that Ornelas was pulling and/or that Ornelas noticed the substance. Plaintiff's fall occurred approximately 6 minutes and 40 seconds after Ornelas bent down to look at the floor. During this time, there are no other employees or customers depicted traversing through the two displays in the middle of the action aisle, which rules out someone else causing the spill in the incident area. If a Defendant associate observes a spill, debris, or other dangerous condition on the floor, the associate must clean it immediately or guard it until it can be cleaned. The liquid substance was either noticed by Ornelas and no action was

---

**11**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

taken to remedy the hazard or Ornelas failed to notice the liquid and the liquid was left in place due to a lack of proper floor inspections, policy, training, and oversight. Either way, Defendant contributed to both the hazardous condition and Plaintiff's fall because the liquid was noticed. Defendant therefore had notice and its policy was violated due to; (1) no action being taken; (2) due to subpar policy regarding floor inspections; (3) the spill was missed because for over an hour a Walmart employee did not push a broom through the incident area; (4) which would have cleaned the spilled substance preventing the Plaintiff's fall. (DMF #30).

In Ms. Barillas opinion, Defendant could have likely eliminated and/or significantly mitigated the subject flooring's slipping hazard prior to Plaintiff's fall at minimal cost when compared to the risk of harm to customers. The cost for Defendant to update its inspection policies and sufficiently train its employees on their own to dry mop the floor and put adequate inspection policies in place with a timed periodic walk through of each aisle would have been free. Defendant failed to conduct and validate thorough floor inspections in the subject area and/or failed to stress the importance of taking immediate action and following policies when a spill is noticed. If Ornelas observed the spill and tried to clean it when she bent down, then the effort was subpar due to a lack of efficient training and/or supervisor oversight in not ensuring that spills are being cleaned to the appropriate standard. Proper floor inspection policies or associates taking appropriate action upon locating a hazard would have significantly reduced the likelihood of Plaintiff's fall incident and resulting injuries. (DMF #31).

### 2. Expert Alex J. Balian, MBA

Plaintiff Samantha Bee ("Plaintiff") retained Alex J. Balian, MBA, who is a retail store operations and establishment consultant as a customer and employee safety, merchandising of product and floor maintenance expert to render opinions surrounding the slip and fall incident that occurred on January 24, 2020, at a Walmart store located at 2100 N. Long Beach Blvd., Compton, CA 90221. (DMF #32). Mr. Balian formed expert opinions based upon his experience, background, professional training, and experience

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

and review of various codes and standards, as well as documents supplied to him related
to this matter, the moving papers, and a surveillance video. All of Mr. Balian's opinion
were based on review of records, data, images, and/or his more than 60 years of
experience in the retail industry. (DMF #33).

Mr. Balian stated that employees working in a retail environment are charged with
the duty of constantly observing the sales for hazards for dangerous conditions while
walking in the store. When hazards are discovered, it is the duty to stand by are "guard"
in order to "protect" the unsuspecting customer from the hazard and preventing a fall.
This is an undisputed procedure in the retail industry when ensuring customer safety.
(DMF #34).

It was Mr. Balian's opinion that although Walmart floor maintenance policy
recognizes this, it is the duty and obligation to properly train employees to constantly
implement this industry wide procedure. Ms. Monica Bee was in a Walmart shopping on
January 24, 2020 when at approximately 11:03 a.m. she slipped and fell in a substance in
the back "action alley" area. Prior to the accident, video surveillance showed store
personnel traveling in the area of the fall. Employee statements claimed that no liquid
was seen in the area approximately five (5) minutes prior to the fall. This, however, was
in conflict to what was told to Ms. Bee in that the substance was observed by employees,
however, had no time to guard the spill and protect the customer. Video surveillance did
show employees in the area some 5 minutes prior to the fall that confirm that employees
were aware of the hazard as to Ms. Bee's understanding. Accepted procedures calls for
hazards to be guarded to protect the customer when discovered. What was told to Ms.
Bee was that this substance was known by employees but failed to guard to protect
customers, including Ms. Bee. (DMF #35).

It was, therefore, Mr. Balian's opinion that Walmart failed to properly implement
their own floor maintenance procedures by not properly training their personnel.
Although stated by employees to be observant of hazards, the account given to Ms. Bee

**13**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

1   indicated a failure of not being trained properly to implement these accepted procedures.

2   (DMF #36).

3       **B.    Defendant's Supporting Evidence is in Dispute**

4           The Court in *Ripple v. Marble Falls Independent School District, 99* F.Supp.3d

5   662 at 673 (2015) held, "Under Federal Rule of Civil Procedure 56(c)(4), a "declaration

6   used to support or oppose a motion must be made on personal knowledge, set out facts

7   that would be admissible in evidence, and show that that the ... declarant is competent to

8   testify on the matters stated." Any statements in a declaration that violate this rule are not

9   considered for summary judgment purposes; any portions of the declarations that are not

10  struck remain part of the summary judgment record. *See Mayfield v. Tex. Dep't of*

11  *Criminal Justice,* 529 F.3d 599, 607 (5th Cir.2008) (citing *Akin v. Q–L Invs., Inc.,* 959

12  F.2d 521, 531 (5th Cir.1992)); *Williamson v. U.S. Dep't of Agric.,* 815 F.2d 368, 383 (5th

13  Cir.1987)."

14          Pursuant to Federal Rule of Evidence 602, a witness may testify only if

15  evidence is introduced sufficient to support a finding that the witness has personal

16  knowledge of the matter.  WALMART is offering evidence that is essentially

17  speculative interpretation of the evidence and does not have evidence of the actual

18  event.  Interpretation of evidence is not fact until determined by a jury.

19      *1. Plaintiff's Concurrently Filed Objections to Evidence*

20          Plaintiff concurrently files objections to defendant's evidence.  The objections

21  are incorporated herein.  Essentially, Defendant fails to establish personal knowledge

22  of declarations, fails to lay foundation, and fails to authenticate evidence, among other

23  things. As such, these offered exhibits and declarations should not be admitted into

24  evidence and should not be considered by this Court.

25      *2. Giselle Ornelas Likely Caused of Contributed to the Floor Condition*

26          At least one, possibly more, Walmart employees were aware of the substance

27  on the floor prior to Plaintiff's fall.  (DMF #1).  A Walmart employee stated to

28

14

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT**

Plaintiff while she was on the ground after her fall that "They should have cleaned this up." (DMF #2).

Defendant attempt to bolster their ill-supported motion with a declaration by Giselle Ornelas. However, Walmart employee Giselle Ornelas has no independent recollection of the day of the incident outside of what she viewed on the videotape years after the incident. (DMF #3). Ms. Ornelas' declaration contains at least one demonstrably false fact at the time she signed it. The declaration stated she was a "manager." However, she testified she gave up that position sometime in 2021-2022. Given the declaration was signed on December 19, 2022. Ms. Ornelas testified on January 10, 2023 that as of signing of the declaration she was no longer a manager and was only a sales associate as she changed positions sometime around 2021-2022. It is a reasonable inference that if she was still a manager on 12/19/22 then she would have known the date she stepped down as manager on 1/10/23. (DMF #4). Ms. Ornelas only became aware of the Incident around the time she signed her declaration. Her deposition occurred on January 10, 2023. She testified she became aware of the Incident 3-4 weeks prior. She signed the declaration on December 9, 2022. (DMF #5).

Ms. Ornelas never had any conversations with Plaintiff. (DMF #6). Ms. Ornelas was not aware of the Incident on the date it occurred. (DMF #7). Ms. Ornelas did not witness Plaintiff's fall in person and is only aware of the fall as she viewed it in the videotape. (DMF #8). Ms. Ornelas could not see herself in the video during the fall. (DMF #9).

Ms. Ornelas testified she walked through the area at least twice on the date of the Incident, based on her review of the video. (DMF# 10). She has no independent recollection of the number of times she walked through the area on the day before or after the incident. (DMF #11). Ms. Ornelas has no independent recollection of walking though the area where the fall occurred the day of the Incident outside of what she viewed on the videotape. (DMF #12). Ms. Ornelas does not recall her

---

15

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

1  actions prior to the time of the video. Based on her review of the video, Ms. Ornelas
2  testified she between 10:56:28 and 10:57:22 a.m. and she walked the "action alley"
3  to the backroom, obtained an l-shaped cart with boxes of items she should not recall,
4  stocked shelves, pulled the cart through and parked it in the area of the Incident,
5  assumed she walked back to the backroom, helped direct a customer to a product 12
6  feet from the area of the Incident. (DMF #13).

7       Ms. Ornelas walked through the area of the incident prior to the fall while
8  helping a customer look for an item she could not recall. (DMF # 14). Despite
9  declaring she "constantly" looked at the floor at the time of the Incident (based on
10 her review of the video), she believed she looked at the floor, not the entire time, for
11 five to six. (DMF #15). Based upon the unauthenticated CCTV exhibits objected to
12 by Plaintiff, it appears that Ms. Ornelas was in the area of the fall, parked a cart of
13 unknown merchandise on the spot, looked at the floor for 5-6 minutes on a video clip
14 that lasts 1 minute, and leaves the area about 5 minutes before Plaintiff slipped in the
15 exact same spot. (DMF #16).

16      Ms. Ornelas could not tell by looking at the video what was on the floor. (DMF
17 #17).

18     **C.**    **Defendants' Moving Papers Fail to State Facts that Shifts the**
19 **Burden**

20      The defendant . . . may not rely upon the mere allegations or denials" of his
21 pleadings, but must set forth specific facts. C.C.P. § 437c(o)(2) declares that "defendant .
22 . . has met" his "burden of showing that a cause of action has no merit if" he "has shown
23 that one or more elements of the cause of action . . . cannot be established, or that there is
24 a complete defense to that cause of action." "Once the defendant . . . has met that burden,
25 the burden shifts to the plaintiff . . . to show that a triable issue of one or more material
26 facts exists as to that cause of action or defense thereto."

27      The Court in *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826 described
28 how §437c works. The burden on the moving party is the "burden of persuasion" to show

---

**16**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

1   there is no triable issue of material fact. Further, "there is a triable issue of material fact

2   if, and only if, the evidence would allow a reasonable trier of fact to find the underlying

3   fact in favor of the party opposing the motion in accordance with the applicable standard

4   of proof." Defendant bears the burden of persuasion that "one or more elements of" the

5   "cause of action" in question "cannot be established" or that "there is a complete defense"

6   thereto. *Aguilar* instructs that a party moving for summary judgment bears "an initial

7   burden of production to make a prima facie showing that no triable issue of material fact

8   exists." If that burden is met, the burden shifts to the opposing party to produce sufficient

9   evidence to make a prima facie showing of a triable issue of material fact.

10       The burden of persuasion held by the moving party does not shift; only the burden

11   of production shifts. *Agular* emphasized that the determination of who has the burden of

12   proof and the quantum of the burden of proof at trial are crucial to determining a motion

13   for summary judgment. When a defendant moves for summary judgment against such a

14   plaintiff, he must present evidence that would require a reasonable trier of fact not to find

15   any material fact more likely than not — otherwise, he would not be entitled to judgment

16   as a matter of law, but would have to present his evidence to a trier of fact." *Aguilar* also

17   explains that §437c requires a defendant moving for summary judgment to present

18   evidence, and not simply point out that plaintiff does not possess, and cannot reasonably

19   obtain, needed evidence.

20       Here, Defendant failed to meet the burden of persuasion placed upon it by code.

21   The separate statement fails to set forth material facts and is essentially argument without

22   evidentiary support. Where facts are set forth, these facts are demonstrated to be in

23   dispute or immaterial. As such, defendants fail to make the required prima facie showing

24   and the burden of production does not shift to Plaintiff. Summary judgment is not

25   appropriate based upon the moving papers filed with this Court.

26       **D.      Whether a Floor is Properly Maintained is a Question of Fact for the**
     **Jury**

27

28

17

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Whether the floor of a store or public marketplace was so negligently maintained as to render the person responsible for its condition liable in damages is a question of fact to be decided by the jury. (*Tuttle v. Crawford* (1936) 8 Cal.2d 126, 130). Whether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do not impose exact time limitations. Each accident must be viewed in light of its own unique circumstances. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1207). While plaintiff must prove that the defective condition existed long enough so that by the use of reasonable care it should have been discovered and remedied, that fact, may be proved by circumstantial evidence. (*Ahern v. S.H. Kress & Co.* (1950) 97 Cal.App.2d 691, 694). It is generally a question of fact for the jury as to whether under the circumstances the defective condition existed long enough so that a reasonable man exercising reasonable care would have discovered it as noted in *Rothschild v. Fourth & Market Street Realty Co.* (1934) 139 Cal.App. 625, 627, where the court stated: "[. . .] the question whether the condition which caused the injury had existed so long as to be discoverable by the defendant within a reasonable time is one for the jury."

**E. Notice is Not Required Because Defendant, It's Employees and/or Agents Created or Contributed to the Creation of the Dangerous Condition**

"Where the dangerous or defective condition of the property which causes the injury has been created by reason of the negligence of the owner of the property or his employee acting within the scope of the employment, the owner of the property cannot be permitted to assert that he had no notice or knowledge of the defective or dangerous condition in an action by an invitee for injuries suffered by reason of the dangerous condition. Under such circumstances knowledge thereof is imputed to him." (*Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798, 806).

Here, the flooring choices in both the actual tile selected by Defendant. Additionally there is a sufficient dispute of fact related to Ms. Ornelas' activities at the time of the incident for which there is sufficient evidence to support a jury finding she

---

18

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

caused or contributed to the substance by either (1) permitting the items she was stocking to spill on the floor, (2) noticing, yet ignoring, the substance in the area she was working, and/or (3) not performing her duties to inspect the floor "constantly" in a sufficient manner such that the substance was permitt3d to be on the floor for five (5) minutes from the time Ms. Ornelas either spilled the substance or last appears to notice and ignore the substance. As such, notice was not necessary and even if it was, Ms. Ornelas had at least constructive or actual knowledge of the substance five (5) minutes prior to the incident.

**F.     Defendant had Constructive and/or Actual Knowledge of the Condition Prior to Plaintiff's Fall as an Employee Admitted to Plaintiff at the Scene that they Knew About it and Failed to Clean it Up**

"The exact time the condition must exist before it should, in the exercise of reasonable care, have been discovered and remedied, cannot be fixed, because, obviously, it varies according to the circumstances. *A person operating a grocery and vegetable store in the exercise of ordinary care must exercise a more vigilant outlook than the operator of some other types of business where the danger of things falling to the floor is not so obvious.*" (*Ortega v. Kmart Corp., supra*, 26 Cal.4th at p. 1210). The *Ortega* Court was mindful that an owner must have a reasonable time to make an inspection in order to discover the dangerous condition and correct it. (*Id.* at p. 1211). But the court found, the evidence of defendant's failure to inspect the premises within a reasonable period of time prior to the accident is indicative of defendant's negligence and creates a reasonable inference that the dangerous condition existed long enough for it to be discovered by the owner. (*Ibid.* ). In other words, the inference tends to establish a fact from which the existence of another fact in issue (that the liquid was on the floor for a sufficient period of time to establish constructive knowledge) can be inferred. (*Ibid.* ).

In *Tuttle v. Crawford, supra*, 8 Cal.2d 126, a judgment for a plaintiff was affirmed where she had fallen in the vegetable department of a store when she slipped on some lettuce leaves on a wet cement floor. The condition had been noted by an employee who said he had swept the wet space five to eight minutes before the accident, but the court

19

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

said that if he had swept "he swept poorly." The court also said that it did not follow that

plaintiff was negligent because she did not see the lettuce leaves. The court said further,

at page 130:

> "That it is the duty of storekeepers to keep the floors of their premises safe
> for those who must pass over them in the transaction of their business must
> be conceded. The fact that the attention of persons who visit public markets
> is attracted by the display of the wares offered for sale and more or less
> absorbed by the transactions which they have in mind would seem to
> increase the necessity of exercising care to the end that the floor spaces and
> aisles allotted to the use of customers should be made safe and kept fit for
> such purpose."

To impose liability the owner must have either actual or constructive knowledge

of the dangerous condition *or have been able by the exercise of ordinary care to*

*discover the condition, which if known to him, he should realize as involving an*

*unreasonable risk to invitees on his premises. His negligence in such cases is founded*

*upon his failure to exercise ordinary care in remedying the defect after he has*

*discovered it or as a man of ordinary prudence should have discovered it.*" (*Hatfield v.*

*Levy Bros.* (1941) 18 Cal.2d 798, 806).

As set forth above, about five (5) minutes before the slip and fall, a Walmart

employee is in the area of the spill. The video appears to depict her looking at the floor

in th spot where Plaintiff fell. Further, the cart the employee was pushing was parked in

that spot also five (5) minutes before the slip. It is apparently Walmart's policy that

employees keep a constant look out. Ms. Ornelas cannot recall anything other than what

she was shown on video from the date of the Incident. Plaintiff recalls an employee

coming to her after the accident and stating "They should have cleaned that up." Which

suggests that at least one, if not more, employees had spotted the substance and did not

follow procedure. As such, there is sufficient dispute of fact regarding notice that

summary judgment is not proper in this matter.

G.      **Circumstantial Evidence is Admissible to Prove Negligence and**
**Reasonable Inferences are Permissible**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

1    Plaintiff is able to establish her case using circumstantial evidence and the jury is
2    allowed to make reasonable inferences from this evidence. Speculation is defined by
3    Oxford Press as the forming of a theory or conjecture without firm evidence.
4    Circumstantial evidence is defined as information and testimony presented by a party in a
5    civil action that permits conclusions that indirectly establish the existence or
6    nonexistence of a fact or event that the party seeks to prove. Inferences are defined as a
7    conclusion reached on the basis of evidence and reasoning.  There is a difference between
8    speculation and when a party presents circumstantial evidence leading to inferences.

9    The plaintiff need not show actual knowledge where evidence suggests that the
10   dangerous condition was present for a sufficient period of time to charge the owner with
11   constructive knowledge of its existence. Knowledge may be shown by circumstantial
12   evidence "which is nothing more than one or more inferences which may be said to arise
13   reasonably from a series of proven facts." (*Ortega v. Kmart Corp.*, *supra*, 26 Cal.4th at
14   pp. 1206-1207). Negligence and connecting defendant with it, like other facts, can be
15   proved by circumstantial evidence. There does not have to be an eyewitness, nor need
16   there be direct evidence of defendant's conduct, and there is no absolute requirement that
17   plaintiff explain how the accident happened. (*Quintal v. Laurel Grove Hospital* (1964) 62
18   Cal.2d 154, 168). Direct evidence of a fact in dispute is not required in all cases, as the
19   law recognizes the force of indirect evidence which tends to establish such fact by
20   proving another, which, though not in itself conclusive, affords an inference or
21   presumption of the existence of the fact in dispute. (*Arundell v. American Oil Fields Co.*
22   (1916) 31 Cal.App. 218). The fact of negligence may be proved by indirect as well as by
23   direct evidence. (*Jones v. Leonardt* (1909) 10 Cal.App. 284; Code Civ. Proc., § 1832.)
24   Negligence, like any other fact, may be inferred from a preponderance of the evidence,
25   whether it be circumstantial or direct, and plaintiff is not required to prove his case
26   beyond a reasonable doubt. (*Arundell v. American Oil Fields Co.*, *supra*, at p. 235).
27   ///
28   ///

---

**21**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

## H. Constructive Notice is a Question of Fact for the Jury

Generally, the question of whether the owner had constructive knowledge of the existence on the specific hazard is a question of fact for the jury. (*Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472, 479.) The owner must use the care required of a reasonably prudent [person] acting under the same circumstances. (*Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472, 476). A plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence and whether this condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury. ( Id. at p. 477.) There are no exact time limits. Rather, each accident must be viewed in light of its own unique circumstances. (Id.).

## I. Plaintiff May Prove Negligence Using Expert Witness Opinions

If an affidavit in opposition to motion for summary judgment sets up fact showing that there are triable issues of fact, such facts must be accepted as true and motion denied; but counter affidavit must show facts from which it appears that opposing party has good cause of action on merits. (*Tell v. Taylor* (1961) 191 Cal.App.2d 266). Affidavits of party opposing motion for summary judgment must be accepted as true, and where they raise issue as to material fact, motion must be denied. (*Helfer v. Hubert* (1962) 208 Cal.App.2d 22). As set forth above, Plaintiff's expert states opinion that establish there is sufficient basis to deny the defendant's motion for summary judgment and allow a jury to hear this case.

///
///
///
///
///
///

**22**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

## IV.  CONCLUSION

Based on the foregoing, defendant has failed to establish the burden required to succeed on a motion for summary judgment.  Therefore, the Court, respectfully, should deny the motion in its entirety.

DATED:  January 12, 2023

**DOWNTOWN L.A. LAW GROUP**

BY:    Igor Fradkin, Esq.
Attorneys for Plaintiff,
MONICA BEE

---

**23**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that the following documents(s):

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was/were served on this date to counsel of record:

[ ]  **BY MAIL**: By lacing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[X]  **BY E-MAIL DELIVER**: Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]  **BY ELECTRONIC TRANSMISSION**: I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Andrew O. Smith, Esq., SBN 246819
Michael F. Colbert, Esq., SBN 319539
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: aosmith@pettitkohn.com & mcolbert@pettitkohn.com
*Attorneys for Defendant* WALMART INC.

Executed on January 12, 2023, at Los Angeles, California.

Elizabeth Sanchez

24

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that the following documents(s):
**DECLARATION OF IGOR FRADKIN, ESQ. IN SUPPORT OF MOTION FOR
RECONSIDERATION** was/were served on this date to counsel of record:

[ ]    **BY MAIL**: By lacing a copy of the same in the United States Mail,
       postage prepaid, and sent to their last known address(es) listed below.

[X]    **BY E-MAIL DELIVER**: Based on an agreement of the parties to
       accept service by e-mail or electronic transmission, I sent the above
       document(s) to the person(s) at the e-mail address(es) listed below. I
       did not receive, within a reasonable amount of time after the
       transmission, any electronic message or other indication that the
       transmission was unsuccessful.

**[X]**    **BY ELECTRONIC TRANSMISSION**: I electronically filed the
       above document(s) with the Clerk of the Court using the CM/ECF
       system. The CM/ECF system will send notification of this filing to the
       person(s) listed below.

Andrew O. Smith, Esq., SBN 246819
Michael F. Colbert, Esq., SBN 319539
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: aosmith@pettitkohn.com  &  mcolbert@pettitkohn.com

*Attorneys for Defendant* WALMART INC.

Executed on April 21, 2023, at Los Angeles, California.

_Elizabeth Sanchez_
Elizabeth Sanchez

---

1

**DECLARATION OF IGOR FRADKIN, ESQ. IN SUPPORT OF MOTION FOR
RECONSIDERATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONICA BEE, an individual, | Case No.  2:21-cv-08919 RGK(MARx) |
| Plaintiff, | **[proposed] ORDER** |
| v. | Date:   May 25, 2023<br>Time:  10:00 am<br>Judge: Hon. Fred W. Slaughter<br>Courtroom: 10D |
| WALMART, INC., a Delaware corporation; AARON, an individual; and DOES 1-25, inclusive, | : |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**HEREIN**

   This matter came on hearing on May 25, 2023, at 10:00 a.m. in the

Department 10D of the United States District Court, Central District of

California consider Plaintiff's Motion for Reconsideration.

---

1

**[proposed] ORDER**

1
2
3
4
        The Court having duly considered all papers submitted by plaintiff, any

opposition raised by interested parties, relevant statutory and case law, hereby

makes the following Order:

5
6
7
        1.     Upon reconsideration, the Court finds a dispute of material fact

sufficient to defeat summary judgment.  In particular, the Plaintiff presented

8
9
10
11
12
additional deposition testimony of Gisele Ornelas that was not presented in the

original motion demonstrates there is a material fact in dispute as to whether or

not a Walmart employee admitted to seeing the spill and not cleaning it up

immediately.

13
14
15
        2.     As such, the Court's prior order granting summary judgment is

vacated and an order denying summary judgment is entered in its place.

16
**IT IS SO ORDERED.**

17
18
DATED: _____, 2023                  _____

19
20
                                      **Hon.**
                                      United States District Court Judge.

21
22
23
24
25
26
27
28

---

**2**

**[proposed] ORDER**

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        I hereby certify that the following documents(s): **[proposed] ORDER**
was/were served on this date to counsel of record:

4

5    [ ]    **BY MAIL**: By lacing a copy of the same in the United States Mail,
           postage prepaid, and sent to their last known address(es) listed below.

6

7    [X]    **BY E-MAIL DELIVER**: Based on an agreement of the parties to
           accept service by e-mail or electronic transmission, I sent the above

8           document(s) to the person(s) at the e-mail address(es) listed below.  I
           did not receive, within a reasonable amount of time after the

9           transmission, any electronic message or other indication that the
           transmission was unsuccessful.

10

11   **[X]    BY ELECTRONIC TRANSMISSION**: I electronically filed the

12          above document(s) with the Clerk of the Court using the CM/ECF
           system. The CM/ECF system will send notification of this filing to the

13          person(s) listed below.

14

15   Andrew O. Smith, Esq., SBN 246819
     Michael F. Colbert, Esq., SBN 319539

16   **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
     5901 W. Century Blvd., Suite 1100

17   Los Angeles, CA 90045
     Telephone: (310) 649-5772

18   Facsimile: (310) 649-5777

19   E-mail: aosmith@pettitkohn.com  &  mcolbert@pettitkohn.com

20

21   *Attorneys for Defendant* WALMART INC.

22

23   Executed on April 21, 2023, at Los Angeles, California.

24

25                          _____
                                  Elizabeth Sanchez

26

27

28

---

**3**

**[proposed] ORDER**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: June 20, 2023
Title: Monica Bee v. Walmart Inc., *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

  Melissa H. Kunig                                     N/A
Deputy Clerk                                        Court Reporter

Attorneys Present for Plaintiff:              Attorneys Present for Defendant:

Not Present                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [81]**

    Before the court is Plaintiff Monica Bee's ("Plaintiff") Motion for Reconsideration Regarding the Court's Order Granting Defendant's Motion for Summary Judgment ("Motion" or "Mot.").  (Dkt. 81.)  Defendant Walmart Inc. ("Defendant") opposes the Motion ("Opposition" or "Opp.").  (Dkt. 83.)  On May 11, 2023, Plaintiff filed a Reply ("Reply").  (Dkt. 84.)  The court previously took the matter under submission.  (Dkt. 87.)  Based on the record, as applied to the applicable law, the court **DENIES** the Motion.

**I.    Legal Standard**

    Under Federal Rule of Civil Procedure 59, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Under Federal Rule of Civil Procedure 60:

[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

_____

**CIVIL MINUTES – GENERAL**                                    **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                          Date: June 20, 2023
Title: Monica Bee v. Walmart Inc., *et al.*

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). As a result, "[m]otions for reconsideration are disfavored and rarely granted." *Brown v. United States*, 2011 WL 333380, at *2 (C.D. Cal. Jan. 31, 2011). The court may grant a motion for reconsideration if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *William Morris Endeavor Ent., LLC v. Writers Guild of Am.*, 478 F. Supp. 3d 932, 938 (C.D. Cal. 2020) (quoting *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

In the Central District of California, "motions for reconsideration are governed by Local Rule 7-18." *Milton H. Green Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008). Pursuant to Local Rule 7-18, a party may move for reconsideration of an order on any motion or application on the following grounds:

(a) material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of a new material facts or a change of law

---

**CIVIL MINUTES – GENERAL**                                         **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                          Date: June 20, 2023
Title: Monica Bee v. Walmart Inc., *et al.*

occurring after the Order was entered, or (c) a manifest showing of a
failure to consider material facts presented to the Court before the Order
was entered.

L. R. 7-18.

"Whether or not to grant reconsideration is committed to the sound discretion of the
court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d
1041, 1046 (9th Cir. 2003) (citing *Kona Enter.*, 229 F.3d at 883). "In asking for a motion for
reconsideration, a party may not merely urge the court to reconsider past arguments or present
new arguments it failed to make prior to the issue of an order." *Sewchez Int'l Ltd. v. CIT
Grp./Com. Servs., Inc.*, 2008 WL 11337382, at *2 (C.D. Cal. June 3, 2008).

**II.    Discussion**

The court briefly reviews the relevant background.  On December 22, 2022, Defendant
filed a motion for summary judgment against Plaintiff.  (Dkt. 34.)  On January 12, 2023,
Plaintiff opposed Defendant's motion for summary judgment.  (Dkt. 38.)  The court held a
hearing on this matter on February 2, 2023, and then took the matter under submission.  (Dkt.
46.)  On April 7, 2023, the court granted summary judgment in favor of Defendant.  (Dkt. 77.)

On May 25, 2023, Plaintiff filed the Motion requesting that the court reconsider its Order
granting summary judgment.  (*See generally* Mot.)  Plaintiff argues the Motion should be
granted for the following reasons: (1) there is "new evidence" in the form of different portions
of Ms. Ornelas's deposition testimony; (2) whether a floor is properly maintained is a question
of fact for the jury; (3) Defendant had constructive and/or actual knowledge of the spill; (4)
circumstantial evidence supports Plaintiff's claims; (5) constructive notice is a question of fact
for the jury; and (6) the court should consider the opinions of Plaintiff's undisclosed expert
witnesses because the failure to disclose was substantially justified or harmless.  (Mot. at 8-18.)

Defendant argues Plaintiff has not presented any new evidence to the court and is simply
relitigating the arguments previously raised at summary judgment.  (Opp. at 1-13.)  In
particular, Defendant argues the deposition of Ms. Ornelas is not "new" and was known and

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: June 20, 2023
Title: Monica Bee v. Walmart Inc., *et al.*

available to Plaintiff prior to filing Plaintiff's Opposition to Defendant's motion for summary judgment; Plaintiff's argument that Ms. Ornelas's declaration is a "sham affidavit" is unsupported; Plaintiff's argument that a Walmart associate had notice of the spill is mere speculation; and Plaintiff still fails to explain why Plaintiff's experts were not timely disclosed and even if the court considered their opinions, Plaintiffs' experts do not create an issue of material fact.  (*Id.*)

The court finds Plaintiff has not sufficiently demonstrated any grounds for the court to reconsider its summary judgment Order.  *See William Morris*, 478 F. Supp. 3d at 938 (a court may grant a motion for reconsideration if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law") (quoting *Sch. Dist. No. 1J Multnomah Cty., Or.*, 5 F.3d at 1263).

The court concludes Plaintiff relies on evidence and arguments previously addressed in the summary judgment Order and is attempting to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation omitted); *see also United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citation omitted) ("[A] party seeking reconsideration must show more than a disagreement with the Court's decision"). The court previously addressed each of Plaintiff's arguments in the summary judgment Order. (*See generally* Dkt. 77.)

First, as for Plaintiff's argument that Ms. Ornelas's deposition constitutes "new evidence," (Mot. at 8-11), the court previously considered Ms. Ornelas's deposition testimony in ruling on Defendant's motion for summary judgment.  (*See, e.g.,* Dkt. 38-1.)

Second, the court previously considered the evidence in the record and found that Plaintiff had not met her shifted burden of demonstrating a genuine issue of material fact as to whether Defendant had actual or constructive notice of the spill.  (*See* Dkt. 77 at 11-12.)  The record demonstrated that only five minutes and 47 seconds had elapsed between Ms. Ornelas's

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                           Date: June 20, 2023
Title: Monica Bee v. Walmart Inc., *et al.*

inspection and the incident.  (*Id.* at 10-11.)  As stated in the court's prior Order, Plaintiff's evidence related to this time period is insufficient to create a genuine issue of material fact as to actual or constructive notice.  (*Id.*)  Nor does Plaintiff sufficiently address the case law cited by the court regarding the thirty-minute threshold for submitting questions of notice to a jury.  (*See generally* Mot., Reply.)

Third, the court determined Plaintiff did not meet her shifted burden to demonstrate a genuine issue of material fact because the evidence cited to by Plaintiff—her deposition testimony—did not lead to the reasonable inference that Defendant admitted to knowledge of the spill.  (Dkt. 77 at 11.)  The court noted that in Plaintiff's deposition, Plaintiff herself described this inference of actual or constructive knowledge as "speculation."  (*Id.*)

Fourth, as to Plaintiff's experts, the court did not consider their opinions based on their untimely disclosure but noted that even if Plaintiffs' experts had been timely disclosed, their opinions did not create a genuine issue of material fact as to Defendant's actual or constructive notice of the spill.  (*Id.* at 4.)

In summary, the court finds Plaintiff has not adequately demonstrated any ground for reconsideration including newly discovered evidence, clear error by the court, the initial decision being manifestly unjust, or an intervening change in controlling law.  *See Sch. Dist. No. 1J Multnomah Cty., Or.*, 5 F.3d at 1263; L. R. 7-18.  Accordingly, the Motion is **DENIED**.

**III.   Disposition**

For the reasons stated above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku